LUNSFORD, use, &c. v. BASKINS' Adm'x.

1. The bond required to be executed upon the prosecution of an appeal from a judgment rendered by a justice of the peace, is, only a means provided by sta. tute for the continuance of the litigation in the appellate court, and does not im+ pose upon the sureties an obligation other and greater than that to which the ap. pellant is liable : consequently, where one sued as administratrix, appeals, she may plead that the estate she represents has been declared and adjudged insol- vent, and if her plea is sustained, no judgment can be rendered against her sure* ties on the appeal bond.

2. The defendant, an administratrix, pleaded, that the estate of her intestate was declared and adjudged insolvent, the jury found the plea to be true, assessed the plaintiff's damages, and judgment was rendered that the suit abate and be refer. ed to the orphans' court : Held, that although the act of 1843 required, that the judgment in such case should be that the plaintiff is entitled to the sum found due him, but no execution shall issue and the judgment be certified the proper or* phans' court, yet the defect was a mere clerical misprision, amendable at the costs of the plaintiff in error.

Writ of error to the county court of Montgomery.

This cause was originally eight suits, commenced before a justice of the peace of Montgomery, on eight promissory notes, made by the defendant's intestate, and payable to the plaintiff— all of which, it is declared by the plaintiff's affidavit, were lost or mislaid. Judgment was rendered in each suit in favor of the plaintiff, and each case removed by appeal, on the execution of the usual bond, with sureties to the county court. On motion of the defendant, all the cases were consolidated by the county court, and a declaration filed by the plaintiff on all the notes.

The defendant pleaded, 1. That her intestate in his lifetime, "did not make, execute or sign the said several promissory notes in the said plaintiff's declaration mentioned, nor either of them," nor did he authorise any person to make, execute or sign them, or either of them for him. This plea was verified by an affidavit of the defendant which declared that the facts set forth therein, "are true to the best of her knowledge and belief." 2. Non assumpsit. 3. Payment. 4. Set off. 5. Accord and satisfaction. The plain- tiff demurred to the first plea, and took issue on the others, and

his demurrer being overruled, issue was also joined on the first plea. At a subsequent term, the defendant pleaded *puis darrien continuance*, that the estate of her intestate had been reported insolvent, to the orphans' court of Montgomery, and so adjudged by that court; that the decree remained in full force, unrevoked, &c, The plaintiff, after craving oyer of the proceedings before the justice of the peace, appeal bonds, &c. demurred to this plea, and his demurrer being overruled, he replied, an issue was made up, and the cause thereupon submitted to a jury, who affirmed by their verdict, the truth of the plea, and assessed the plaintiff's damages at four hundred and forty-one dollars and sixty cents. A judgment was rendered on the verdict as follows: "It is therefore, considered by the court, that this suit abate, and be referred to the orphans' court of the county of Montgomery."

J. P. SAFFOLD and FAIR, for the plaintiffs in error—insisted that the county court should have rendered a judgment against the defendant and her sureties in the appeal-bonds, to be levied *de bonis propriis*. [Barry v. Rush, 1 T. Rep. 692; Worthington v. Barlow, 7 id. 453; Willes' Rep. 317, n. a.; Wms. on Ex. 1097–8; Bettis v. Taylor, 8 Porter's Rep. 574; 3 Marsh. Rep. 387; 1 Johns. Cases, 276; 10 Johns. Rep. 367; Morrison v. Morrison, 3 Stew't Rep. 444; Clay's Dig. 315, § 11; 1 Chitty's Plead. 650; 1. T. Rep. 758; 4 Taunt. Rep. 821; 6 Cow. Rep. 225; 12 Wend. Rep. 475.]

The judgment should have been against some or all the obligors in the appeal bonds. [1 T. Rep. 691; 1 Johns. Cases, 276; Clay's Dig. 195, § 13.]

N. HARRIS, for the defendant. The statute makes the execution of an appeal bond, a condition precedent to the prosecution of an appeal from the judgment of a justice of the peace. It is the means by which the party supposing himself aggrieved by such a judgment, can have a trial in a higher court, and sureties may avail themselves of any defence which their principal can.— The character of the parties is not changed by the bond which is given, and if an administrator appeals and executes a bond which would authorise a judgment against him in his individual capacity, the suit, notwithstanding, continues against him in his representative character.

65

The decree adjudging an estate insolvent, is an answer to an action against its administrator, and will avail his sureties in an appeal bond. In the present case, the judgment does not strictly conform to the last statute upon the subject; the variance it is believed, is not so material as to authorise its reversal. He cited Clay's Dig. 195, § 13; id. 314, § 9; 315, § 11; Aik. Dig. 152; Quit, et al. v. Adair, 4 Ala. Rep. 315.]

COLLIER, C. J.—The act of 1814, in connection with that of 1822, enacts that any person aggrieved by the judgment of a justice of the peace, may, within five days after its rendition, appeal to the circuit court, or county court of the county, giving bond with good security in double the amount of the judgment, conditioned to prosecute his appeal to effect; and in case he be cast therein to pay and satisfy the condemnation of the court.— [Clay's Dig. 314, § 9.] By a statute passed in 1816, it is provided, that whenever any judgment rendered by a justice of the peace, shall be removed into any court by appeal, *certiorari*, or otherwise, if it be affirmed, a judgment shall be entered against the security as well as the principal, and execution may issue against both or either of them. [Id. 315, § 11.]

The appeal is not the institution of a new suit, but the mere continuance of one already commenced, by its transfer to another tribunal of superior jurisdiction. In the appellate court, the parties occupy the same position in respect to each other, that they did in the inferior court, and the cause is there to be tried *de novo*. [Clay's Dig. 314, § 10.] The execution of a bond, as the condition upon which the cause is to be removed, is a means provided, by which the litigation is to be continued, and can have no influence upon the pleadings, nature of the defence, or proof which may be adduced. If the plaintiff is the appellant, his situation on the trial will not be in any manner prejudiced thereby; nor will the defendant, if such is his relation to the suit, be prevented from urging any matter of defence which the law recognizes as sufficient to prevent a recovery, if the case had been originally brought in the appellate court. The failure of the appellant to prosecute his appeal with effect, so as to recover a judgment against the appellee, will not be sufficient to make his sureties liable to a judgment; but he must in the language of the statute, "be cast" in the

Lunsford, use, &c. v. Baskins' Adm'x.

suit, in order that his sureties may be bound "to pay and satisfy the condemnation of the court."

The act of 1843, "to amend the laws now in force, in relation to insolvent estates," [Clay's Dig. 195, § 13,] enacts that, "no suit now pending, or which may hereafter be brought or revived against any executor or administrator, shall be abated on any plea or suggestion, that such estate has been reported or declared insolvent, since the commencement of such suit; but after such estate shall have been declared insolvent in the manner herein provided, that fact may be specially pleaded by the executor or administrator, without thereby waiving or abandoning any plea by him previously pleaded; and the suit shall be tried on all the issues that may be joined in the case; and if the issues joined on all the other pleas except the special plea of insolvency be found for the plaintiff, and the issue joined on that special plea shall be found for the defendants, the court shall render judgment, that the plaintiff is entitled to the sum of money found due him, but that it appears the estate has been duly declared insolvent, no execution shall be issued therefor, and that the judgment shall be certified to the proper orphans' court; and upon a duly certified transcript of such judgment being filed as a claim against the estate, as herein provided, the plaintiff shall be allowed as a creditor of the estate, his rateable portion on the amount of such judgment; and the costs of such suit." This statute, as its title indicates, is amendatory of pre-existing laws, one provision of which was to abate any action pending against an executor or administrator, upon its being reported to, and declared by the orphans' court, that the estate he represented was insolvent; and thus leave the plaintiff without reference to the justice of the demand to pay his own costs. The effect of the act is to permit the defendant, together with the plea of insolvency to interpose a denial of the cause of action, but if the latter defence is found untrue, if the former is sustained, the plaintiff is not entitled to a judgment against the defendant, but the judgment is, that he is entitled to the sum found to be due him, and he is referred to the orphans' court for its payment.

If the principal is not liable, it would be somewhat of an anomaly to say that the surety is. The latter undertakes for the performance of a duty by the former—his undertaking may be said to be incidental or accessorial, and in order to charge him, it should appear that his principal is bound. The surety cannot, in

a case like the present, be liable otherwise, and to a greater extent than his principal. This conclusion seems to us to result from the principles of the common law, as well as from a reasonable and just construction of our own statutes. And its justness is obvious, when we recollect that the appeal is a mere continuance of the litigation, no matter by which party prosecuted; and that the appeal bond is a means by which the cause is to be removed, intended to secure the payment of such judgment as may be recovered against the appellant; but never to impose upon the sureties a liability beyond this.

It is true, the judgment in this case does not in terms conform to the statute, though the discrepancy, it is believed, is not such as in any manner to affect the plaintiff's rights. Be this as it may, the defect is at most, a mere clerical misprision, amendable here at the costs of the plaintiffs—an amendment will be accordingly made, and as the view taken shows that there is no available error, the judgment of the county court is, in other respects, affirmed.