# Phillips, Burtoff & Co. *v.* Wade.

*Action on Appeal Bond, against Sureties.*

1. *Liability of sureties.*—The liability of the surety is only accessorial, and can not, as a general rule, exceed that of the principal; but this rule does not apply, where the law reduces or absolves the liability of the principal, without the fault or procurement of the creditor.

2. *Appeal bond; liability of sureties, on death of principal and insolvency of his estate.*—On appeal from a justice's judgment, the appellant having died before the trial, his administrator pleaded the insolvency of his estate; and the issue being found in his favor, the judgment was thereupon certified to the Probate Court, as a claim against the estate, and was paid its *pro rata* share of the assets. *Held,* that the sureties on the appeal bond were liable for the residue of the judgment. (Overruling *Lunsford v. Baskins,* 6 Ala. 512.)

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. LOUIS WYETH.

This action was brought by the appellants, suing as partners, against Miles C. Wade and J. Paul Jones, as sureties on an appeal bond, executed by them jointly with their principal, Charles T. Jones, since deceased; and was commenced in a justice's court, on the 26th August, 1879. The plaintiffs had obtained a judgment against said Charles T. Jones, in a justice's court, for $73.05 debt, and $2.70 costs; and the

defendant having taken an appeal from that judgment, the appeal bond here sued on was executed, in the penalty of $150, conditioned "that the said Charles T. Jones shall prosecute to effect the appeal this day taken by him," "or, if he fails in said appeal, shall pay such judgment, both as to debt and costs, as may be rendered against him by said Circuit Court of Montgomery." The justice, "after hearing the allegations and proof," rendered judgment against the plaintiffs; and on appeal by them to the Circuit Court, that court sustained a demurrer to their complaint, holding that it showed no cause of action against the sureties. The judgment on the demurrer is now assigned as error.

J. S. CLARK, and S. T. WEBT,. for appellant, cited *Dudley v. Witter*, 51 Ala. 456; *Summerhill v. Trapp*, 48 Ala. 363; *David v. Malone*, 48 Ala. 428; 6 Porter, 32; 2 Brick. Dig. 375, § 32.

C. C. HARRIS, *contra*, cited *Lunsford v. Baskins*, 6 Ala. 512; 3 Amer. Rep. 316.

STONE, J.—Phillips, Burtoff & Co. recovered judgment against Charles T. Jones, before a justice of the peace. Jones appealed to the Circuit Court, executing bond therefor, with Wade and J. P. Jones as his sureties. Before the cause was tried in the Circuit Court, Charles T. Jones died, and his estate was declared insolvent. The case was revived in the Circuit Court, against the administrator, who pleaded the insolvency of the estate. A trial was had in the Circuit Court, in which the jury found the issue of insolvency in favor of the defendant, and found for the plaintiffs the amount of the claim sued on, with interest. The judgment was certified to the Probate Court, and in the settlement of the insolvent administration, the *pro-rata* share of about twenty per cent. was decreed and paid to plaintiffs. The residue of their judgment was left unpaid. The present suit is against the sureties on the appeal bond, to recover that balance.

What we have stated above as facts, are simply the substance of what is averred in the complaint. The condition of the appeal bond, as set forth in the complaint, is, to prosecute the appeal to effect, or, if he failed in said appeal, "to pay such judgment, as to debt and costs, as may be rendered against him by said Circuit Court." The judgment rendered by the Circuit Court was for the sum of eighty-one 5-100 dollars. There was a demurrer to this complaint, which the Circuit Court sustained; and its judgment thereon is assigned as error.

[Harden v. Darwin & Pulley.]

In *Bean v. Chapman*, 62 Ala. 58, we said: "It is contended for appellees that, being only sureties, their liability is accessorial, and that they can not be held for a greater sum than their principal is liable to pay. The foregoing is certainly the rule, in a proper case. Whenever the inquiry is one of original liability, the surety can not be held to a greater extent than the principal is bound for. * * But the rule is very different, when the law reduces or absolves the principal's liability, without the fault or procurement of the creditor. In such a case, the principal's defense is personal, and does not affect or impair the surety's liability, unless he also have a personal defense." The condition of the bond, in this case, was to prosecute the appeal to effect, or pay such judgment as the Circuit Court should render. The appeal was not prosecuted to effect, and the sureties became bound to pay the judgment. The demurrer to the complaint should have been overruled.

In *Lunsford v. Baskins*, 6 Ala. 512, both the reasoning and conclusion are in conflict with what we have said above. That case is hereby overruled.

Reversed and remanded.