FRED. S. BURTIS, AND JAMES P. BURTIS (*as Administrator of the estate of Lizzie S. Burtis, deceased*), v. NELSON W. WAIT.

WIFE, *Surety for Husband; Bankruptcy.* Where a wife executes a mortgage upon her own real estate for the purpose of securing the individual debt of the husband, she is surety of her husband to the extent of the property which she mortgages; and the discharge of the husband in bankruptcy, subsequent to the execution of the mortgage, will not release or discharge her from liability upon the mortgage.

*Error from Marshall District Court.*

ACTION by *Nelson W. Wait* against *James P. Burtis*, Polly Burtis, James P. Burtis as administrator of the estate of Lizzie S. Burtis, deceased, Fred. S. Burtis, and W. S. Deyoe, brought June 30, 1882, to recover $1,000, with interest, upon a promissory note executed by James P. Burtis to the plaintiff, September 1, 1875, and also to reform and foreclose a mortgage executed by James P. Burtis and Lizzie S. Burtis, his wife, on said September 1, to secure the payment of the note. Trial at the September Term, 1883, by the court without a jury. After the case had been called for trial, and the trial entered upon, the plaintiff made application to file an amended reply, which application was granted, over the objection of defendants, the defendants excepting. Thereupon, the defendants, James P. Burtis, Fred. S. Burtis, and James P. Burtis, as administrator of the estate of Lizzie S. Burtis, deceased,

filed a demurrer to the amended reply, which demurrer, after argument of counsel, was overruled, the defendants excepting. The defendants then moved the court to compel the plaintiff to make his amended reply more definite and certain. This motion was also overruled. The trial was then proceeded with, and the court found the conclusions of fact as follows:

"1. That the note sued upon herein was executed by James P. Burtis, and that the mortgage sued on was given to secure said note, and was executed by James P. Burtis and Lizzie S. Burtis, his wife, to the plaintiff.

"2. That after the date of the execution of said note and mortgage, and before the commencement of this suit, said Lizzie S. Burtis died, and that James P. Burtis is the duly-appointed administrator of the estate of Lizzie S. Burtis, deceased, and said Jas. P. Burtis and Fred. S. Burtis are the sole heirs-at-law of said deceased.

"3. That there was an error in the description of said real estate in said mortgage in this, to wit: said property should be described, and it was the intention of said mortgagors to mortgage lots 1, 2, 3, 4 and 5, in block 11, in Hazlewood's addition to the town of Waterville, instead of lots 1, 2, 3, 4 and 5, in block 11, in the city of Waterville.

"4. That the present city of Waterville was first organized as the town of Waterville; that afterward several additions were made to the town of Waterville, among which was Hazlewood's addition; that afterward, and before the execution of said mortgage by said defendants, the said town of Waterville and said several additions were incorporated as the city of Waterville, at which time there were lots in said original town and also in said Hazlewood's addition described as lots 1, 2, 3, 4 and 5, in block 11, and said description so remains at this time; that the above is shown by the records of Marshall county, Kansas, upon which the plats of said town, addition and city are recorded.

"5. That the records of said county show that the legal title to said lots 1, 2, 3, 4 and 5, in block 11, in Hazlewood's addition to the town of Waterville, was at the date of the execution of said mortgage in said Lizzie S. Burtis, now deceased, and that neither said James P. Burtis nor Lizzie S. Burtis at any time ever had any title to said lots 1, 2, 3, 4 and 5, in block 11, in the town of Waterville.

"6. That on the 13th day of August, 1878, a petition in bankruptcy was filed against said defendant, James P. Burtis,

and that on the 17th day of March, 1879, said defendant, James P. Burtis, was duly discharged in bankruptcy.

"7. That said debt evidenced by said note sued on in this case existed at the time of said proceedings in bankruptcy.

"8. That since the discharge in bankruptcy of said defendant, James P. Burtis, he has not renewed the note, or promised to pay the same.

"9. That Lizzie S. Burtis did not sign the note sued upon herein.

"10. That there is due on said mortgage given to the plaintiff to secure the payment of the indebtedness sued on herein, the sum of $1,420.53."

And thereon the court made the following conclusions of law:

"1. That said mortgage should be and the same is hereby reformed so as to read in the description of said real estate as follows, to wit: Lots 1, 2, 3, 4 and 5, in block 11, in Hazlewood's addition to the town of Waterville.

"2. That no personal judgment can be rendered in this case against the defendant, James P. Burtis.

"3. That said amount found to be due upon said mortgage, to wit, $1,420.53, is a first lien on the lots 1, 2, 3, 4 and 5, in block 11, in Hazlewood's addition to the town of Waterville.

"4. That defendant William S. Deyoe has a second mortgage on said property, and defendant F. A. Head has a third mortgage thereon, and the amount of said second and third mortgages is undetermined by this court; but that both of said mortgages of said William S. Deyoe and F. A. Head were executed subsequent and are subject to the mortgage of plaintiff.

"5. That said defendant Deyoe's mortgage was executed by said James P. Burtis and his said wife, Lizzie S. Burtis, and contained a written condition that it was given subject to plaintiff's said mortgage.

"6. That defendant F. A. Head had legal notice of the pending of this action and of the existence and priority of the plaintiff's said mortgage lien at the time his said mortgage on said property was executed."

To the conclusion of fact No. 3, and the conclusions of law Nos. 1 and 3, James P. Burtis, as administrator of Lizzie S. Burtis, deceased, and Fred. S. Burtis, excepted. Said defend-

ants filed their separate motions for a new trial, which were overruled; and thereupon the court rendered judgment that the mortgage be foreclosed, that lots 1, 2, ·, 4 and 5 in block 11, in Hazlewood's addition to the town of Waterville, be sold after the expiration of six months from date, according to law, without appraisement, and from the proceeds thereof be paid, first, the costs of the suit and accruing costs; second, the taxes due and unpaid on the property; third, the amount of plaintiff's lien for $1,420.53, and interest, and that the remainder of the proceeds of the sale be brought into court to await further action thereon. *Fred. S. Burtis*, and *James P. Burtis* as administrator of the estate of Lizzie S. Burtis, deceased, excepted to the judgment, and bring the case here.

*Martin & Orr*, for plaintiffs in error.

*E. A. Berry*, and *J. A. Broughten*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is claimed by the plaintiffs in error, defendants below, that as Lizzie S. Burtis did not sign the note executed by her husband, James P. Burtis, and that as she was the owner of the property mortgaged, and that as the discharge in bankruptcy released her husband from the payment of the note, therefore that the property mortgaged is not subject to the payment of the debt secured thereby. It is conceded that the mortgage was given before the discharge in bankruptcy was obtained, or the application filed therefor, and that the debt secured by the mortgage has never been paid; but it is contended that the discharge under the bankruptcy proceedings wiped out the debt secured by the mortgage, and that there is no debt whatever existing. The argument of counsel is not sound. The discharge in bankruptcy is not payment; it operates to discharge the bankrupt and future acquisitions, while at the same time the mortgagee, or other lien creditor, is permitted to have satisfaction out of the property mortgaged or subject to lien. (*In re Campbell*, 1 N. B. R. 165; *Cole v. Duncan*, 58 Ill. 176.)

31—33 KAS.

Under the bankrupt law, a secured creditor against a bankrupt could resort to one of these remedies: First, he could rely upon his security; second, he could abandon it and prove the whole debt as unsecured; or, third, he could be admitted only as a creditor for the balance remaining after the deduction of the value of the security. (*Assignee v. Perkins*, 1 Woods, 383; *Reed v. Bullington*, 11 N. B. R. 408; *In re Hartell*, 7 id. 559.) Section 5118 of the U. S. Rev. Stat. (1878) reads: "No discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise." In *Hubbard v. Ogden*, 22 Kas. 363, it was said by this court that "where a husband and wife execute a mortgage on two separate pieces of real estate, one of which belongs to the husband and the other to the wife, and the mortgage is executed for the purpose of securing the individual debt of the husband, *held*, that the wife is surety of the husband to the extent of her separate property which she mortgages." (See *Jenness v. Cutler*, 12 Kas. 500.) Applying this principle to the case at bar, Lizzie S. Burtis, by executing the mortgage upon her own real estate for the purpose of securing the individual debt of her husband, became surety of her husband, and within the terms of the bankrupt law, his discharge in bankruptcy did not release or discharge her from liability upon the mortgage. (*In re Hartell*, supra; *Reed v. Bullington*, supra; *Meeks v. Whately*, 10 N. B. R. 498; *Roberts v. Wood*, 38 Wis. 60.)

The court did not err in allowing the amended reply to be filed. Granting leave to amend petitions is largely in the discretion of the court. (Code, §§ 139, 144; *The State v. Marston*, 6 Kas. 525; *Kunz v. Grund*, 12 id. 547; *Railway Co. v. Kunkel*, 17 id. 145.)

We perceive no error in the court reforming the mortgage as to the estate of Lizzie S. Burtis, deceased. There was sufficient evidence introduced upon the trial to sustain the findings of the court in that regard. (*Miller v. Davis*, 10 Kas. 541; *Crane v. Chouteau*, 20 id. 288.)

The judgment of the district court will be affirmed.

All the Justices concurring.