(91 App. Div. 202.)

## WITTHAUS v. ZIMMERMAN.

(Supreme Court, Appellate Division, First Department.    February 5, 1904.)

1. LANDLORD AND TENANT—BANKRUPTCY OF TENANT—TERMINATION OF LEASE.
      A tenant's discharge in bankruptcy does not terminate the lease or change the legal relation of landlord and tenant, unless the landlord re-enters or the trustee assumes the lease.

2. SAME—GUARANTY.
      Under Bankr. Act July 1, 1898, § 16, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], providing that the liability of a person who is a co-debtor with or a guarantor for a bankrupt shall not be altered by the bankrupt's discharge, a guarantor of the payment of the rent reserved in a lease was not discharged from liability on the guaranty by the tenant's discharge in bankruptcy before the end of the term.

Appeal from Appellate Term.

Action by Guy Witthaus against Jacob A. Zimmerman. From an order of the Appellate Term of the Supreme Court affirming a judgment of the Municipal Court of the City of New York in favor of plaintiff, and granting leave to appeal, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

Benjamin G. Paskus, for appellant.
Matthew H. Tully, for respondent.

McLAUGHLIN, J. On the 13th of December, 1901, one Simon leased to the firm of Johnson & Anderson certain premises in the city of New York for a term of three years at an annual rental of $4,000, payable in equal monthly installments in advance. On the 28th of May following the plaintiff purchased the premises from Simon, subject to the lease, and in connection with the purchase the defendant, Zimmerman, guarantied the payment of the rent reserved by an instrument of which the following is a copy:

"In consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, I hereby guarantee the prompt payment of the rent reserved

in the within lease executed between Emil Simon and the firm of Johnson &
Anderson. Dated, New York, May 28, 1902.

"Jacob A. Zimmerman.   L. S."

Johnson & Anderson occupied the premises from the date of the
lease to and including the month of October, 1902, and paid the rent
reserved during that time.   On the 29th of October, 1902, they were
adjudged involuntary bankrupts in the United States District Court
for the Southern District of New York, and the rent for November,
1902, thereafter accruing, and not being paid, this action was brought
to collect the same from the defendant under his guaranty.   The plain-
tiff had a judgment in the Municipal Court, which was affirmed by the
Appellate Term, from which, by its permission, the defendant has
appealed to this court.

The appellant contends that the adjudication in bankruptcy of John-
son & Anderson terminated the relation of landlord and tenant be-
tween them and the plaintiff, and therefore there was no rent due the
plaintiff for the month of November for which defendant could be held
liable.   In support of this contention our attention is called to several
authorities in the federal courts, some of which, at least, sustain it.
Thus, in Re Jefferson (D. C.) 93 Fed. 948, Evans, J., reviewing a sim-
ilar question, said:

"The court sees no way to avoid the conclusion that the relation of land-
lord and tenant in all such cases ceases, and must of necessity cease, when
the adjudication is made.   If the relation does cease, the landlord afterwards
has no tenant and the tenant has no landlord.   *   *   *   After the adjudica-
tion there is no obligation on the part of the tenant growing out of the lease.
*   *   *   No obligation on his part to pay rent can arise when he can neither
use nor occupy the property."

In Bray v. Cobb, 3 Am. Bankr. R. 788, 100 Fed. 270, Purrell, J.,
said:

"The relations of landlord and tenant are severed by operation of the bank-
ruptcy law.   The trustee of his estate may, after adjudication, occupy and
use the rented or leased premises for the estate, but under such circumstan-
ces it would be chargeable to the estate not as rent under bankrupt's contract,
but as costs and expenses of administering the same."

And in Re Hinckel Brewing Company, 10 Am. Bankr. R. 484, 123
Fed. 942, Ray, J., said: "The lease is terminated by an adjudication
in any event."

But our attention is also called to several authorities in the same
courts holding an opposite view.   Thus, in Re Ells (D. C.) 98 Fed. 967,
Lowell, J., said:

"Had there been no clause giving the lessor the right to re-enter, the trustee
in bankruptcy would have had a reasonable time to elect whether to assume
or to refuse the lease.   If ·he had assumed it, the bankruptcy would have
operated like any other assignment and would have released the bankrupt from
all liability except upon those of his covenants not already broken which
would have remained binding upon him after any other assignment.   If the
trustee had refused to take the lease, the bankrupt would have remained
tenant as before."

Then, referring to In re Jefferson, supra, in which an opposite view
was expressed, he said:

"With all respect for the learned judge, I must think the above remarks
made somewhat hastily, unless they are to be taken as limited to the particu-

lar lease in question, or made to depend upon some peculiar provision of the statute of Kentucky. * * * It follows, then, that the lease here in question was not determined by the bankruptcy of the lessee, but only by the re-entry of the lessor."

And in Re Mitchell, 8 Am. Bankr. R. 324, 116 Fed. 87, Bradford, J., said:

"Reference was made to the case of In re Jefferson. I am by no means satisfied with the reasoning contained in the opinion in that case."

See, also, In re Collington, 4 Am. Bankr. R. 250.

In addition to these authorities in the federal courts, there are two, at least, in the state courts to the same effect. White v. Griffing, 44 Conn. 437, and In re Curtis, 109 La. Ann. 171, 33 South. 125. In both of these cases a recovery of rent in a lease was sought against a guarantor. In the former it was held that, if the trustee did not accept the assignment of the leasehold estate of the bankrupt, the lease remained the property of the bankrupt, and consequently the guarantor remained liable; and in the latter that the adjudication in bankruptcy did not terminate the lease nor relieve the guarantor from his liability.

It is thus seen that there is a diversity of opinion as to the effect of an adjudication in bankruptcy upon a lease. Nevertheless, the weight of authority as well as reason, we think, sustains the contention that a discharge in bankruptcy does not terminate a lease or change the legal relation of landlord and tenant, "unless," as stated in Brandenberg on Bankruptcy (3d Ed.) § 1171, "the landlord re-enters, or the trustee assumes the lease, in which event the adjudication operates like any other assignment, and all liability of the tenant ceases."

In Parsons on Contracts (vol. 3, p. 469) the same view was expressed, in which he says:

"If the assignee elects not to take, the lease remains in the bankrupt with all its advantages and all its burdens, and free from all claims or rights either of the assignee or of the creditors."

I am also of the opinion that, even though it be held that the lease, by the adjudication, was so far terminated as to release the tenant from thereafter paying rent, this did not of itself affect the defendant's guaranty, or relieve him from liability thereunder. Act July 1, 1898, c. 541, § 16, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], provides that "the liability of a person who is a co-debtor with or guarantor or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt." This language seems to negative the idea that the adjudication had any effect upon the defendant. Not only this, but to hold otherwise would destroy the benefit sought to be accomplished by the guaranty, which was the payment of the rent reserved if the tenant did not choose to, or by reason of insolvency could not, pay. The plaintiff took no part in the bankruptcy proceeding, and I am unable to see upon what principle of law a binding contract can be destroyed by an act of a third party, in which a party to the contract did not participate, and over whom he had no control.

Our conclusion therefore is that the lease was not terminated by the adjudication in bankruptcy, and as it does not appear that the trustee

has taken possession under authority of the act, the tenant still remains liable for the payment of the rent, and that in any event the defendant under his guaranty is liable therefor in case of its nonpayment.

It follows that the judgment appealed from must be affirmed, with costs. All concur.