MRS. AMELIA M. BAILEY *v.* WM. REEVES, JR., SHERIFF,.
ET AL.

[59 South. 802.]

BANKRUPTCY. *Effect of discharge. Codebtor. Code* 1906, *section* 86.

Where a judgment is rendered against a party in a justice of the-
peace court and he gives bond and appeals to the circuit court
where judgment is rendered against him and the surety on his
appeal bond as provided in section 86, Code 1906, the surety
thereby becomes ·a "codebtor" within Bankrupt Act, July 1,
1898, chapter 541, sections 16-30, Stat. 550 (U. S. Comp. St. 1901,.
page 3428) and is not discharged by the subsequent bankruptcy
of the principal.

APPEAL from the chancery court of Harrison county..
HON. T. A. WOOD, Chancellor.

Suit by Mrs. Amelia ˙M. Bailey against William
Reeves, Jr., et al., to enjoin a sale of lands under exe-
cution. From an order sustaining a demurrer to the bill,
plaintiff appeals.

The facts are fully stated in the opinion of the court..

*J. H. Mize,* for appellant.

˙ Our contention in this case is, that when the surety,
Mrs. Amelia M. Bailey, signed the appeal bond in ques-
tion, she obligated herself to satisfy any judgment that
might be rendered against the Brandt Mercantile Com-
pany, if the Brandt Mercantile Company failed to satisfy
such judgment; that on the 18th day of February, 1911,
when the Brandt Mercantile Company went into bank-
ruptcy and said judgment was duly listed as one of its
liabilities, then the Brandt Mercantile Company, by op-
eration of law, satisfied said judgment, and the satis-
faction of said judgment by the Brandt Mercantile Com-
pany by operation of law through the procedure of the
United States Court in bankruptcy, released said surety,
Mrs. Amelia M. Bailey, the appellant.

In the case of *Wolf* v. *Stix et al.,* 99 U. S. (25 L. Ed.),
p. 309, the release of sureties is discussed somewhat ex-
tensively and the different distinctions drawn.    That
was a case where the sureties agreed to pay the value
of goods which had been replevied in case the principal
failed to sustain his title to the goods, and the princi-
pal failing to sustain his title to the goods and after-
ward receiving his discharge in bankruptcy, the court
held that the surety was not released, as the very thing
which they had agreed to insure did happen.    In other
words, there was only one contingency in that case, and
that was, whether or not the principal should sustain his
title.    He failed in this, and of course the sureties were
held liable.    In that case, the court said:

"The cases are numerous in which it has been held,
and we think correctly, that if one is bound as surety for
another to pay any judgment that may be rendered in a
specified action, if the judgment is defeated by the bank-
ruptcy of the person for whom the obligation is assumed,
the surety will be released.    The obvious reason is that
the event has not happened on which the liability of the
surety is made to depend.    Of this class of obligations
are the ordinary bonds in attachment suits, to dissolve
an attachment, appeal bonds, and the like.    But here
the bond was not given to dissolve the attachment."

So we say that the question involved in the instant
case is the same as was referred to by the court in the
citation, *supra.*    The obligation of the present bond was
to satisfy any judgment in case the principal did not sat-
isfy the judgment; but we find that on the 18th day of
February, 1911, the Brandt Mercantile Company, the
principal in the appeal bond in which appellant was sur-
ety, went into bankruptcy and listed this judgment as
one of its liabilities, and by that act said judgment was
satisfied by operation of law through the procedure of
the bankruptcy court; and, since the event upon which
the obligation of this surety depends has happened and

has been satisfied by the principal through the procedure of bankruptcy, we submit that the surety is thereby discharged.

The case of *Goyer Co.* v. *Marion B. Thomas,* 79 Miss. 253, is in point here. This was a case where a judgment had been recovered by the Goyer Company in a justice court against one Marion B. Jones, and said Marion B. Jones appealed to the circuit court, with R. A. Jones as surety; and, during the pendency of the appeal, said Marion B. Jones went into bankruptcy, and the Goyer Company obtained leave of the bankrupt court to prosecute the case in the circuit court in order to bind R. A. Jones as surety, and, at the trial of the case in the circuit court M. B. Jones plead his discharge in bankruptcy and the court gave a verdict for him.

The supreme court, through Justice TERRELL, held that, as the liability of the principal, M. B. Jones, was discharged or as the judgment was defeated, there could be no liability on R. A. Jones as surety. In the instant case, we have the judgment against the Brandt Mercantile Company not exactly defeated but yet satisfied by the proceedings in bankruptcy, which amounts practically to the same thing; and we submit that, as there was no liability on the principal, the Bradt Mercantile Company, since it listed this judgment in the bankrupt court as one of its liabilities, there can be no liability on the surety, who is the appellant here.

*Rucks Yerger,* for appellees.

There is presented by this record but one question for adjudication, viz.: whether a surety on an appeal bond from a judgment rendered by a justice of the peace against whom and his principal a final judgment has been rendered in the circuit court is discharged by the bankruptcy of the principal obligor occurring subsequent to the judgment.

Section 16 of the Bankrupt Act of 1898 is as follows: "The liability of a person who is a codebtor with our

guarantor or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt."

This section seems to be conclusive of this case. It was the evident intention of the lawmakers to cover just such cases as this. The section is based on the idea that only the person who becomes a bankrupt shall be discharged and as the surety has an obligation due to the person to whom the bond is given, who has parted with something, on the faith of the suretyship, he shall be made to perform his contract obligation. The surety, not having become a bankrupt, is not relieved. That is, the act intends to relieve only the bankrupt from his contractual obligations and does not alter the obligation of anyone else.

If such is the law then this surety is not relieved.

Under said section 16 a codebtor is not discharged by the act of bankruptcy.

The lawmakers in using the word "codebtor" intended to cover cases other than those of suretyship, strictly.

The appellee contends that after a judgment is obtained in the circuit court against the principal and surety on an appeal bond, that the obligation, as to the judgment creditor, becomes a joint debt and the principal and sureties become codebtors.

Section 86 of the Code of 1906 provides "any judgment against an appellant shall be rendered against the principal and his sureties jointly."

In the case of *Wright* v. *Simmons and Harper,* 1 S. & M. 390, in discussing the liability of the surety on appeal bonds when the statute provided "if the plaintiff succeed judgment was to be rendered against the principal and his sureties jointly, "the court uses this language: "His bond made him a party to the suit in the justice court where there was a verdict for the plaintiff, for which the law made him liable. He then became, for all legal purposes, one of the defendants and the judgment in the circuit court was, in effect, a judgment of affirmance."

This does not appear to have been overruled or questioned. The announcement is clear that a surety on an appeal bond from a justice's court, occupies the position of a codefendant and he is liable jointly for the judgment. His liability is that of a codebtor and not of a surety.

The language of the Code of 1906, section 86, is exactly the same as that construed in the above case.

The question of the discharge of the surety on appeal bonds has been before the courts often for adjudication, and I have examined many cases but have never found a case holding that a surety on an appeal bond is discharged after a judgment in the circuit court has been rendered.

The following cases hold that a surety is not discharged by the bankruptcy of his principal occurring after judgment in the circuit court: *Goyer* v. *Jones,* 79 Miss. 255; *Viosca* v. *Wood,* 22 La. 218; *Wolf* v. *Stix,* 99 U. S. 1-9; Collier on Bankruptcy (4 Ed.), 306, sec. D.

The cases of *Wolf* v. *Stix* and *Goyer* v. *Jones* are relied on by the appellant to reverse this case. The appellee contends that these cases are in full accord with his views and sustains the decision of the court below.

The case of *Goyer* v. *Jones* is based on the idea that if a judgment has been rendered in the circuit court, the appellant could have recovered his debt from the surety. In that case before a judgment had been rendered in the circuit court, the principal had been discharged in bankruptcy. The appellants, Goyer and Company, insisted on their right to proceed to judgment in the circuit court against the principal and surety, with a perpetual stay of execution as to the principal, in order that they could enforce their debt out of the surety. In its decision, the supreme court assumes that if Goyer and Company could proceed to judgment the surety could be made to pay, notwithstanding the bankruptcy of the principal, but denies the right of the appellants to pro-

·ceed because the contingency upon which the surety had agreed to pay had never occurred. His obligation being to pay such judgment as the circuit court might render against his principal, and as this obligation meant "such legal and valid judgment" and the court could not, after bankruptcy, render a "legal and valid judgment," the relief was denied.

This decision is supported by *Wold* v. *Stix* which is ·cited and quoted.

The opinion of the court in *Goyer* v. *Jones,* is clear and to the point and is cited as a part of this brief.

The court will note that in the case at bar the obligation of the surety is the same, viz., to pay such judgment as the circuit court may render against his principal, the conditions of the surety's liability had arisen and the ·circuit court had rendered a judgment before the bankruptcy occurred.

The appellee desires to quote the opinion of Justice BARDY in the case of *Fisse* v. *Einstein,* 5 Mo. App. 78:

The questions in the case at bar are more clearly presented than I can put them. The opinion is as follows, viz: "The defendants signed an undertaking upon an appeal from a judgment in favor of the plaintiffs against one Henry S. Leszynsky, and, before, the affirmance of the judgment by the general term, the debtor was discharged from all his debts under the provisions of the United States Bankrupt Act of 1867.

His discharge included the judgment mentioned. The ·defendants insist that they are released from their obligations, assumed by the undertaking, by the force and ·effect of the debtors discharge, the benefit of which they claim by the answer interposed herein. Whether they are or not, depends upon the effect of the provision of section 33 of the Bankrupt Act, which provides as follows: "No discharge granted under this act shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, con-

tractor, endorser, surety or otherwise." The defendants, by their counsel, contend that their liability was not ascertained until the judgment appealed from was affirmed—in other words, they were not liable until such affirmance. This view is erroneous. To be liable is to be responsible for, answerable, bound or obliged in law or equity, exposed to, subject to; and hence the defendants were subject to the payment of the sum mentioned in the undertaking if the contingency upon which it depended occurred. The obligation of an endorser depends upon proper steps to charge him, yet he is liable to be called upon to pay, and his endorsement is a liability which he cannot reject. It is a contract to pay a certain sum if called upon, after the observance of requisite ceremonies, and if the maker fail to pay, it falls upon the surety. He agrees to pay if the event happens which matures his obligation to pay. He assumes to pay, and incurs the obligation to do so, which may become absolute. The design of an undertaking and the effect of it are proper matters of considerations on the question. The undertaking stays all proceedings, and the effect is to prevent the creditor from enforcing his judgment by execution and in that mode obtaining his debt out of the property of his debtor. The sureties in the undertaking prevent him from availing himself of this right and opportunity to which he is entitled by the law of the land and by his superior diligence. The right can be destroyed in all cases·if the debtor by appeal and by subsequent proceedings in bankruptcy before a judgment of affirmance can release himself and his sureties as well. It was doubtless to prevent such kindred results that the law declared the discharge should not release or affect any person liable for the same debt for or with the bankrupt, either as partner, contractor, endorser, surety or otherwise. It was a personal relief given the applicant, or forced upon him, and not to those equally bound with him to answer his creditors. The dis-

charge of the debt itself would seem to involve and include the surety for its payment as a necessary sequence, but it was not so designed by the lawmakers, as we learn from the provision in section 33, *supra,* limiting its effects, and excluding therefrom persons standing in certain relations to the debtor, liable with him. A surety is rarely primarily liable. His obligation depends upon a contingency, which is either an event to occur or the failure of the principal to pay or to do the act required. The consideration, therefore, of the question presented, which is new, leads to the conclusion that the discharge of the principal does not release the surety and that the order appealed from must be affirmed.''

''Under the Bankrupt Act of 1867, section 33, providing that no discharge in bankruptcy shall release or affect any person liable for the same debt for which the bankrupt either as principal, contractor, surety or otherwise, the surety in an undertaking on appeal is not released from his liability by the discharge of the appellant in bankruptcy.'' 6 Am. Dig. (Cent. Ed.), 766, citing *Sandusky* v. *Exchange Bank,* 81 Ill. 353, and other cases.

The court will observe that there is no case holding that the surety on an appeal bond is discharged after judgment has been obtained against him and his principal, although there are decisions holding that the surety is discharged where his principal is discharged before judgment.

In note No. 2 to *Howell* v. *Alma Milling Co.,* 38 Am. Stat. Rep. 711, the effect of the discharge of the principal on a surety is discussed and it is held that ''as the object of taikng security on appeal is to guard against the risk of the judgment debtor's insolvency, it would be highly anomalous that his discharge in bankruptcy should have absolved the sureties.''

REED, J., delivered the opinion of the court.

The chancellor did not err in sustaining the demurrer and dissolving the injunction in this case. The Cudahy Packing Company obtained judgment in a justice of the peace court against the Brandt Mercantile Company. An appeal from this judgment was taken to the circuit court, with Mrs. Amelia M. Bailey as surety on the appeal bond. Judgment was rendered in the circuit court against the Brandt Mercantile Company and Mrs. Bailey, the surety. After the adjournment of the circuit court, and about three months after the rendition of the judgment, the Brandt Mercantile Company was adjudicated a bankrupt. Execution was issued upon the judgment, and levied by the sheriff on the lands of the appellant. She filed her bill to enjoin the sale of the lands. The appellees demurred to the bill, and moved to dissolve the injunction.

Upon the rendition of the judgment in the circuit court the appellant became a codebtor with the Brandt Mercantile Company. It is provided in Code 1906, section 86, that judgment in an appeal from the justice of the peace court shall be rendered against the appellant and his surety jointly. Section 16 of the Bankrupt Act of 1898 (Act July 1, 1898, ch. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), is as follows: "The liability of a person who is a codebtor with or guarantor, or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt.

The present case is different from *Goyer* v. *Jones,* 79 Miss. 253, 30 South. 651. In that case no judgment had been rendered against the surety on the appeal bond. While the case was still pending on appeal, and had not been tried in the circuit court, the appellant, the principal in the appeal bond, was adjudicated a bankrupt. The appeal bond was conditioned to pay such judgment as the circuit court should render against the appellant, and no judgment had been rendered against him before bank-

ruptcy. In the present case a judgment was rendered, not only against the bankrupt, but also against the surety, the appellant in this case; and upon the rendition of the judgment the appellant became liable as a codebtor with the bankrupt.

*Affirmed.*