Failor v. Wehe.

No. 20,224.

## B. L. FAILOR, *Appellee,* v. J. J. WEHE, *Appellant.*

### SYLLABUS BY THE COURT.

1. APPEAL BOND—*Principal Adjudged a Bankrupt—Surety on Appeal Bond Not Released.* A surety on an appeal bond is liable thereon, although his principal, the judgment debtor, was relieved from the payment of the judgment by his discharge in bankruptcy.

2. SAME. The ordinary rule that the release of a principal debtor likewise releases the surety relates to a release by the voluntary action of the creditor and does not apply to a release or discharge by operation of law as in bankruptcy.

3. SAME—*Surety's Obligation Governed by State Laws.* The effect on a surety's obligation where his principal is discharged through bankruptcy is governed by local law and not by the federal statute.

4. SAME—*Appeal Dismissed—Bankruptcy of Principal—Obligation of Surety.* Where a statutory bond is given in an appeal to the district court from a judgment of a city court (Jus. Civ. Code, §§ 121, 129) and the appeal is dismissed for want of prosecution, the subsequent discharge of the appellants by virtue of the bankruptcy act does not bar an action against the surety on the appeal bond.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed June 10, 1916. Affirmed.

*Hiram C. Root,* of Topeka, for the appellant.

*James E. Larimer,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The only question in this case is whether a surety is liable on an appeal bond when his principals have been relieved from the payment of the judgment appealed from by their discharge in bankruptcy.

The plaintiff obtained a judgment in the city court of Topeka against Disbrow & Ready, a business partnership. The partners appealed, and the defendant signed their statutory bond as surety. Some months later Disbrow & Ready were adjudged bankrupts and in time received their discharge. Thereafter their appealed case was dismissed for want of prosecution, and the entry, "Discharged by virtue of the Bankrupt

Law," was entered in the docket of the city court in the case of *Failor v. Disbrow & Ready*. (Gen. Stat. 1909, §§ 457-459.)

The plaintiff then filed this action against Wehe, the surety, on the appeal bond. Wehe answered, pleading all the facts. A demurrer to the answer was sustained, and that brings the case here.

So far as the federal law is concerned, the question presents no difficulty. The federal statute reads:

"The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." (Act of July 1, 1898, 30 U. S. Stat. at Large, ch. 541, § 16, p. 550, 4 U. S. Comp. Stat. 1913, § 9600, p. 4372.)

The supreme court of the United States has held that whether the discharge of the principal in bankruptcy relieves the surety is governed by state law. (*Hill v. Harding*, 130 U. S. 699.) In Mississippi this doctrine was applied, and it was held that the surety was thus relieved under the local law. (*Goyer Co. v. Jones*, 79 Miss. 253, 30 South. 651, 8 Am. Bank. Rep. 437.)

In *Serra é Hijo v. Hoffman & Co.*, 30 La. Ann. 67, a case almost identical with the one at bar, it was said:

"The bankrupt law undertakes to regulate and govern the rights and obligations of the bankrupt only. It provides the manner and effect as to himself of his discharge, but in no way undertakes to determine the effect of his discharge upon the obligations of others—out of superabundance of caution, however, the 5118th section of the United States Revised Statutes declares: 'No discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt either as partner, joint contractor, indorser, surety, or otherwise.'

"In determining the effects of a discharge of the principal, upon the obligations of his surety, we have therefore nothing to do with the bankrupt act. It is the law of Louisiana alone which governs, and to which we must look for a solution. Hence we attach but little weight to the decisions of foreign tribunals upon their own laws, differing perhaps radically from ours. It may well be that the effect of a discharge of the principal would be to release the surety, by the law of Massachusetts, and not to release him by laws of New York." (p. 68.)

It was held that under the law of Louisiana the surety was still bound.

How is it in Kansas? Our statute, first enacted in 1868 (Gen. Stat. 1868, ch. 12, Gen. Stat. 1909, §§ 457-459), which harmonizes completely with the federal bankruptcy acts of

1867 and 1898, is silent as to the effect on a surety upon the discharge of the principal through bankruptcy, although it does say: "And thereafter any such judgment shall be deemed fully discharged and satisfied." (Gen. Stat. 1909, § 459.) The judgment is discharged and satisfied as to the judgment debtor. What effect has that provision upon the surety's obligation according to its terms?

In *Ray v. Brenner,* 12 Kan. 105, Mr. Justice Brewer, said:

"The true rule is thus laid down by Thiebold in his work on Principal and Surety, p. 114: 'The obligation of the surety, also, in general becomes extinct by the extinction of the obligation of the principal debtor. An exception to this rule takes place whenever the extinction of the obligation of the principal arises from causes, such as bankruptcy and certificate, which originate with the law, and not with the voluntary acts of the creditor.' " (p. 107.)

In *Burtis, Adm'r, v. Wait,* 33 Kan. 478, 6 Pac. 783, it was held that a wife who had mortgaged her real estate to secure the payment of a promissory note given by her husband was liable under the mortgage obligation, although her husband had been relieved of payment of the note by his discharge in bankruptcy. The court said:

"It is conceded that the mortgage was given before the discharge in bankruptcy was obtained, or the application filed therefor, and that the debt secured by the mortgage has never been paid; but it is contended that the discharge under the bankruptcy proceedings wiped out the debt secured by the mortgage, and that there is no debt whatever existing. The argument of counsel is not sound. The discharge in bankruptcy is not payment. . . . Lizzie S. Burtis, by executing the mortgage upon her own real estate for the purpose of securing the individual debt of her husband, became surety of her husband, and within the terms of the bankrupt law, his discharge in bankruptcy did not release or discharge her from liability upon the mortgage." (pp. 481, 482.)

Applying these precedents and the general principle that a surety is only relieved by the discharge of the principal through the voluntary act of the creditor (32 Cyc. 226, 227), it must be held that the defendant is liable on his undertaking, as surety, notwithstanding the discharge of the judgment debtor, his principal, by operation of the bankrupt law.

Among many cases examined in reaching this conclusion, the following may be noted: *Leader et al. v. Mattingly,* 140 Ala. 444, 37 South. 270; *Boyd v. Agricultural Ins. Co.,* 20 Colo. App. 28, 76 Pac. 986; *Dersch v. Walker,* 28 Ky. Law Rep. 325, 89

S. W. 233; *Serra é Hijo v. Hoffman & Co.*, 30 La. Ann. 67; *Cochrane v. Cushing*, 124 Mass. 219; *Brown & Brown Coal Co. v. Antezak*, 164 Mich. 110, 128 N. W. 774; *World Pub. Co. v. Rialto Grain Co.*, 108 Mo. App. 479, 83 S. W. 781; *Witthaus v. Zimmerman*, 91 App. Div. 202, 86 N. Y. Supp. 315; *Pinkard v. Willis & Bro.*, 24 Tex. Civ. App. 69, 57 S. W. 891; *Love v. McGill*, 41 Tex. Civ. App. 471, 91 S. W. 246; *Whereatt v. Ellis and another*, 103 Wis. 348, 79 N. W. 748.

The judgment is affirmed.