## PETTUS et. al. v. CUMMINGS et al.

No. 17276—Opinion Filed Oct. 5, 1926.

(Syllabus.)

**Appeal and Error—Liability of Sureties on Supersedeas Bond not Affected by Principal's Subsequent Discharge in Bankruptcy.**

Where a judgment is entered against H. in the district court, to reverse which he appeals to this court, and to stay execution on the said judgment a supersedeas bond is given with sureties conditioned, "If the said principal obligor herein shall pay to the said obligees the judgment and costs in case the judgment in the Supreme Court should be against him, or affirmed in whole or in part, then this obligation shall be void, otherwise to remain in full force and effect," and the decision affirms the judgment of the district court against H., and H. fails to pay the judgment, his sureties on his supersedeas bond are not absolved from liability to the obligees in said bond by reason of the fact that pending the appeal in this court the said H. had filed a voluntary petition in bankruptcy and secured a discharge of his obligations, including the judgment rendered against him to reverse which the appeal was taken.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by R. L. Cummings and another against B. F. Pettus and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

J. P. Evers, for plaintiffs in error.

Benjamin C. Conner and Harry A. Tallman, for defendants in error.

BRANSON, V. C. J. Error is prosecuted herein from the district court of Tulsa county. In said court R. L. Cummings and Ada Cummings obtained a judgment against B. F. Pettus and A. S. Viner on a bond. The parties are referred to herein as plaintiffs and defendants.

In a certain cause then pending in the district court of Tulsa county, Okla., the plaintiffs herein obtained a judgment against one M. A. Harrison for a certain sum of money. The said M. A. Harrison, having complied with the preliminary requirements

incident thereto, appealed from said judgment to this court. He gave a stay or supersedeas bond to prevent the issuance of execution on said judgment against him. The said bond was signed by the said principal judgment debtor, M. A. Harrison, and by the defendants B. F. Pettus and A. S. Viner as sureties. Omitting the formal recitation of the judgment rendered against the said Harrison in said cause, it recited:

"And, whereas, the said defendant has taken an appeal from said judgment to the Supreme Court of the state of Oklahoma;

"Now, therefore, if the said principal obligor herein shall pay to the said obligees the judgment and costs in case the judgment in the Supreme Court shall be against him, or affirmed in whole or in part, then this obligation shall be void, otherwise to remain in full force and effect."

The judgment of the district court in said cause was affirmed by this court (Harrison v. Cummings, 107 Okla. 98, 230 Pac. 702).

While said cause was pending in this court the said M. A. Harrison filed his voluntary petition in bankruptcy in the United States Court for the Eastern District of Oklahoma, and prior to the opinion by this court in said cause and on October 6, 1923, the said Harrison was discharged from the debts and obligations scheduled as his liabilities, among which was the said judgment in favor of the plaintiffs. Thereafter the instant suit was brought on the said supersedeas bond, in which the plaintiffs pleaded the judgment rendered against the said Harrison as aforesaid; that the said Harrison, as principal, and the said defendants herein, as sureties, had superseded the said judgment by executing the bond to which reference is made above; that by the terms of said bond the defendants become jointly and severally bound to the plaintiffs conditioned on the action of the Supreme Court on appeal; that this court did in November, 1924, affirm the judgment against the said Harrison, principal in the said supersedeas bond, and that plaintiffs are entitled to a judgment on the said bond for its amount, interest and cost. The defendants filed their answer in which they pleaded that the said principal in said bond had been discharged by the United States court in bankruptcy; that the schedule of the said bankrupt included the judgment rendered against the said Harrison; that the discharge relieved him from liability, and that by reason of the said Harrison being discharged the sureties on his said supersedeas bond were in no wise bound by the judgment against him when, and as, affirmed by the Supreme Court of the state.

Plaintiffs filed a motion for judgment on the pleadings, which was by the trial court sustained, this appeal following.

The position of the defendants in this court in the instant suit is stated in their brief to be:

"So from all the facts shown in the pleadings, after the appeal bond sued on had been approved and filed and before the affirmance of the cause appealed. M. A. Harrison, the principal in the appeal bond, had been discharged in bankruptcy, and his debts forgiven, and canceled, including this claim, which was scheduled as one of his liabilities.

"Sureties are not co-debtors and are not originally bound on the appeal bond, but are only bound to pay such sums as may be adjudged against their principal."

Further in their brief the defendants state that no judgment was ever rendered against the principal, and none could be rendered, and after the discharge in bankruptcy was filed in the United States District Court there was no debt and nothing could be decided by this court in said cause.

So, it is apparent that the one and only question in this case is whether or not the discharge of the principal obligor in the said supersedeas bond in his voluntary bankruptcy proceedings discharges his sureties and relieves them from obligation.

The defendants cite a number of cases which they contend support their position. Among them are: Goyer Company v. Jones (Miss.) 30 South. 651; Bailey v. Reeves (Miss.) 59 South. 802; Otto Young v. Howe (Ala.) 43 South. 488; House v. Schnadig (Ill.) 85 N. E. 395; Stephens v. State ex rel., 111 Okla. 262, 239 Pac. 450.

We have read the cases cited by the defendants. We think it sufficient to state that they do not establish the principle for which the defendants contend. The Bankruptcy Act itself provides:

"The liability of a person who is a co-debtor with, or guarantor, or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

It must be noted that at the time the supersedeas bond was made, conditioned as above set out, the liability of the principal, Harrison, by reason of the judgment of the district court against him was fixed and determined. The purpose of the supersedeas bond was to stay the execution of the court pending his effort to sustain the burden which the law placed upon him to convince the Supreme Court of the state that the judgment of the district court was wrong and should therefore be vacated and set aside. Unless Harrison sustained his appeal in this court in that case, the sureties on his bond, under the plain language of the bond itself, became obligated to pay the judgment, execution on which was, under the law, withheld pending the right which the law gave the said Harrison to have the said judgment reviewed in the Supreme Court. The decision of this court in said appeal did not render a new obligation or judgment against Harrison, but was merely the determination of this court that there was no error by the trial court in rendering the judgment. The judgment was therefore a liability against the said Harrison from the date of its rendition in the trial court, and the condition of the said supersedeas bond by the very terms of which the defendants in the instant case are bound provided that the obligation should be in full force and effect if the judgment was affirmed in whole or in part. They therefore became liable, not for a judgment to be subsequently rendered, and at a time after which the principal had by bankruptcy absolved himself from the possibility of securing such judgment, but for a judgment rendered at a time when the said Harrison was not discharged from the liability by a decree of the bankruptcy court, and the plain obligation of his sureties was to pay the same, if he, the said Harrison, did not pay it, if in fact the Supreme Court did not hold that the judgment of the district court was erroneous. Most of the cases referred to, when properly understood, are not upon bonds such as here, but are cases conditioned on the plaintiff securing a judgment in a court against the principal where the trial is to be had de novo, and turn upon the question that a discharge in bankruptcy having intercepted the power of the court to render a judgment on a trial de novo against the principal, there was no liability of the sureties under the terms of the bond itself.

The judgment of the trial court is affirmed. Osage Oil & Refining Co. v. Dickason-Goodman Lumber Co., 108 Okla. 14, 231 Pac. 477, 14 A. L. R. 475; Failor v. Wehe, 98 Kan. 325, 158 Pac. 74.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. p. 1287, §3398; 2 R. C. L. p. 315.