**CULLUM et al. v. LOWE.   (No. 3037.)**

Court of Civil Appeals of Texas. Amarillo.
June 13, 1928.

Rehearing Denied Sept. 12, 1928.

Oxford & Oxford, of Plainview, for appellants.

M. J. Baird, of Plainview and Davis, Synnott & Hatchell, of Dallas, for appellee.

RANDOLPH, J.   This is an action of trespass to try title, brought by W. F. Lowe against Helen Cullum and her husband, Dyke Cullum, to recover title to and possession of a certain lot in the city of Plainview, Tex. The defendants answered by general demurrer, general denial, plea of not guilty, and special plea, alleging that the defendant Helen Cullum recovered a judgment in the district court of Palo Pinto county against Kathleen Wolfe on the 24th day of October, 1924; that said judgment was in all things valid and subsisting; that an abstract of said judgment was issued by the clerk of the district court of Palo Pinto county on the 29th day of May, 1925, and duly filed and recorded in the judgment records of Hale county, Texas, on the 5th day of June, 1925, and said judgment thereby became a lien upon any property of Kathleen Wolfe in Hale county, Texas. She further alleged that thereafter Phillip Wolfe and Kathleen Wolfe (husband and wife) became the owners of the land in controversy in this suit by a deed from J. A. Morris, which was duly recorded in the deed records of Hale county, and that thereafter Phillip Wolfe and Kathleen Wolfe attempted to deed said lot to W. F. Lowe and Ida M. Lowe, which deed was also recorded in Hale county deed records. Thereby Helen Cullum claims a lien on said lot by reason of her judgment and the recorded abstracts thereof, and prays for a foreclosure of said lien upon said lot.

The case went to trial before the court without a jury, and judgment was rendered against Helen Cullum in favor of plaintiff, Lowe, for the lot in controversy, and from said judgment appeal has been had to this court.

The judgment upon which Helen Cullum's lien is based is in words as follows:

"No. 6036.   Kathleen Wolfe et al. v. Helen Cullum et al.

"In the District Court of Palo Pinto County, Texas.

"On this the 24th day of October, A. D. 1924, at a regular term of this court, came on to be heard the above entitled and numbered cause, the same having been previously set down for trial on this day, and thereupon came the parties, plaintiffs and defendants, by their attorneys, and said cause having been dismissed as to C. R. Hooton, and both sides having announced ready for trial, and a jury being waived, all matters as well of fact as of law were submitted to the court, and the court, having heard the pleadings, the evidence introduced, and the arguments of counsel, finds:

"1. That the plaintiff P. Wolfe, subsequent to the execution of the note herein sued upon, has been adjudged a bankrupt; that the note herein sued upon was listed in the schedule of his liabilities in said cause, and that as to said liability said P. S. Wolfe was thereafter discharged by a judgment of the United States District Court for the Northern District of Texas. It is therefore ordered, adjduged, and decreed by the court that the defendant take nothing as against the said P. S. Wolfe by reason of their cross-action, and that he go hence without day.

"2. The court further finds that the note herein sued upon was executed by the plaintiffs for money borrowed by the plaintiffs from defendant Helen Cullum for the benefit of the separate estate of the plaintiff Kathleen Wolfe; that the plaintiff Kathleen Wolfe is indebted to the defendant Helen Cullum in the sum of nine hundred and no/100 (900.00) dollars, said sum being a balance of the principal, interest, and attorney fees due on the note herein sued upon in her cross-action.

"It is therefore ordered, adjudged, and decreed by the court that the defendant Helen Cullum do have and recover of and from the plaintiff Kathleen Wolfe the said sum of nine hundred and no/100 (900.00) dollars, together with interest thereon at the rate of ten per cent. per annum from this date until paid, together with all costs of this suit, for all of which the said Helen Cullum may in due time have her execution."

There is an agreement between the parties hereto that the facts above stated are true, and further that execution was issued on said judgment on the 28th of May, 1925, which was returned "nulla bona"; that the above judgment was rendered upon a note executed by Phillip Wolfe and Kathleen Wolfe to Helen Cullum; that Phillip Wolfe is the husband of Kathleen Wolfe, and was at the time of the execution of said note, and has been at all times since; that after the execution of said note by Phillip and Kathleen Wolfe, and prior to the rendition of said judgment by the district court of Palo Pinto county, Phillip Wolfe was adjudged a bankrupt, and for that reason no judgment was taken against him in said suit; that the lot in controversy was the community property of Phillip and Kathleen Wolfe, when they deeded it to W. F. Lowe and Ida Lowe.

The judgment of the district court of Palo Pinto county was based upon a note signed jointly by Phillip Wolfe and Kathleen Wolfe. As to the subject-matter therein litigated, that court was a court of competent jurisdiction; that court passed upon the liability of Mrs. Wolfe, and adjudged her to be liable on said note, and rendered judgment against her while dismissing her husband from the case, for the reason that he had been discharged in bankruptcy; that judgment was not appealed from, and hence is a valid and subsisting judgment against Mrs. Wolfe, unless the discharge of her husband in the bankruptcy proceeding also operated to discharge her. There is no direct attack made upon the validity of the judgment, but it is inferentially attacked in the position taken by appellee. As stated, the judgment in the case in Palo Pinto county shows that the note was executed by both the husband and wife, and was given for the benefit of Mrs. Wolfe's separate property. It further appears from such judgment that the husband was dismissed from the case, or at least the court refused to enter judgment against him, because he had, pending the litigation and prior to the trial of the case, been adjudged and discharged a bankrupt. The fact that the trial court dismissed the husband from liability in the case does not change the status of the proceedings; he had joined his wife in the execution of the note, and was made a formal party to the suit against the wife. It might as well be asserted that a deed from the wife, conveying her separate property, which was joined in by the husband, would be set aside by his action in taking bankruptcy, and would render such deed inoperative, as a conveyance, as to hold that the subsequent bankruptcy eliminated him as a party to the suit, and as a signer of the note.

The husband is a party in this cause, and the holding upon the controlling question in the case of Taylor v. Hustead & Tucker (Tex. Com. App.) 257 S. W. 232, is not in point here. In that case, the husband was not joined in the suit against the wife, pro forma or otherwise. Chief Justice Phillips, in the case of Red River National Bank v. Ferguson, 109 Tex. 295, 206 S. W. 923, calls attention to the fact that the statutes now in force give the wife no authority to contract for the benefit of her separate property, or to incur obligations therefor, having been left out of the act of 1913 (Acts 33d Leg. c. 32).

Judge German also notes such failure in the Taylor Case, supra, but in each of these cases the court expressly avoids passing upon the authority of the wife to execute such contracts. However, in the case of Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694, it is held by the Supreme Court that, while the Act of March 21, 1913, eliminated the provision in the former act (1848 [Acts 2d Leg. c. 79]), by which a married woman was empowered to incur obligations for the benefit of her separate property, yet such act, giving her "the sole management, control and disposition of her separate property, both real and personal," conferred on her so much of power to contract with reference to such property as would make its provisions effective, and thereby gave her the power to incur obligations for the benefit of such property. See, also, Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120; Gohlman, Lester & Co. v. Whittle, 114 Tex. 548, 273 S. W. 808.

This suit not being a direct attack on the Palo Pinto county judgment, and such judg-

ment having been rendered upon a cause of action against Mrs. Wolfe, which was in her power to create and incur, and for a debt which she was authorized by law to incur, such judgment is a valid judgment.

■ The discharge of the husband for all liability for his debts by the bankruptcy court does not operate to discharge his wife, his marital partner. Love v. McGill, 41 Tex. Civ. App. 471, 91 S. W. 246. The debt is not deemed to have been paid when the bankrupt is discharged; the result is only that he has been released from liability thereon. Consequently the debt, as it exists, under the judgment against the wife, was not affected by such discharge. Failor v. Wehe, 98 Kan. 325, 158 P. 74, 75. The debt of the wife, therefore, being a valid and subsisting debt, the collection thereof can be enforced out of the community property. Article 4620, Revised Civil Statutes 1925, provides:

"The community property of the husband and wife shall be liable for *their* debts [emphasis ours] contracted during marriage, except in such cases as are specially excepted by law."

This being provided, upon what interest in the community property is it enforceable? On the whole of the community property, or on only one-half thereof? The wife's interest is a definite half interest, and it should be liable for the judgment debt herein sought to be recovered; but does the law make the half interest of the husband also liable? If this had been a debt created by the wife for necessaries for herself and children, the law making it obligatory on the husband to support them, it is clear that the whole interest would be subject to said debt, unless released by the bankruptcy discharge; but, it being a character of debt for which he is not personally liable as a matter of law, it would be inequitable to subject his interest in the community property to the payment of Mrs. Cullum's judgment. The wife's interest, as stated, is a specific interest. This is clearly set forth by Judge Speer, in his Law of Marital Rights, pp. 372, 373, § 296:

"It is the cherished policy of our laws to regard the married union as a species of partnership in which each partner may own a separate or individual estate, and at the same time share equally in the common gains or acquisitions. It clearly defines what property shall enter into this common fund, and what property, and to what extent, shall remain the separate property of each partner. No effort is made to vest a greater portion of these joint acquisitions in one spouse than in the other. The wife's rights, in point of ownership, are, in every respect the equal of those of her husband. They are identical; in short, they own the estate in common. And why not? If the wife's right to own property at all be recognized, it would certainly seem that her claims to an equal interest in the common gains of herself and husband are the most just. True, the husband is the active, managing partner of the union, who by common consent is expected to find a support for his family; yet the wife's duties and burdens, in behalf of the husband and family, are none the less important. Their duties and obligations are in the highest sense reciprocal. They vary in detail, but herein lies their mutual advantage to each other. The only perceivable difference between their rights in the common property is that the right of management and disposition is given for the most part to the husband; hers is an equal right to the property itself, its beneficial use, subject to the husband's power of control, and disposition for their common good. While he is permitted this seeming advantage, he is likewise charged with a corresponding burden— that of personal liability for the support of his wife. His superior control, of course, lasts no longer than the coverture, and while his liabilities as head of the family last. It can make no difference whether the acquisition is in matter of fact the result of the husband's or the wife's labor, skill, or investment; the law will not inquire into these things. Whatever is acquired by either or both, in whatever manner acquired, with the exceptions stated, becomes at once the common property of both, in which the interest of the wife is equal to that of her husband."

This being correct, would it be equitable to permit the wife's creditors to levy upon the husband's one-half of such property? We think not. Especially is this correct where he has acquired same after being discharged in bankruptcy and from the payment of all his debts, including the very debt here sought to be collected.

We therefore hold that Mrs. Wolfe's one-half interest in the lot in controversy is subject to the lien of the judgment in the district court of Palo Pinto county, in favor of Mrs. Cullum, and the judgment of the trial court in this cause is here reversed, and the case is remanded, with instructions to the trial court to so order by its judgment and decree.