Roy DURIAN et al., Appellants,

v.

J. E. CURL, Appellee.

No. 12834.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1955.

Rehearing Denied June 8, 1955.

Cox, Patterson & Freeland, McAllen, for appellants.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

NORVELL, Justice.

This is an appeal from a decree perpetually enjoining Roy Durian, a judgment creditor of Bessie F. Curl, and Elmer E. Vickers, Sheriff of Hidalgo County, Texas, from levying upon or selling the community property of J. E. Curl and Bessie F. Curl, husband and wife. There is little dispute in the evidence and, upon request, findings of fact and conclusions of law were filed by the trial judge. The following statement is taken from the trial court's findings:

On April 28, 1954, Roy Durian recovered judgment against Bessie F. Curl for the principal sum of $11,090.79, in Cause No. B-17698 on the docket of the 93d District Court, entitled "Roy Durian v. Bessie F. Curl et vir." J. E. Curl was joined pro forma only in said cause, and the final judgment provided that Roy Durian take nothing against J. E. Curl, who was discharged with his costs. No appeal was prosecuted from said judgment and the same was final when the execution hereinafter mentioned was issued.

On June 12, 1954, Roy Durian caused an execution to be issued on the judgment in

the above mentioned Cause No. B–17698 against Bessie F. Curl, and the Sheriff of Hidalgo County levied upon the undivided one-half interest of Bessie F. Curl in certain community real estate situated in Hidalgo County, Texas, owned by her and her husband, J. E. Curl. A sale under the levy was temporarily enjoined pending a hearing upon the merits.

The basis of the judgment in Cause No. B–17698 was a prior judgment rendered by a district court in the State of Iowa. J. E. Curl was not a party to the Iowa action.

The community property system is unknown to the law of Iowa and in such State a married woman may contract without the joinder of her husband, and by her contract may bind her own property, but the husband is not bound by the contract of the wife, except for necessaries, and the wife's separate contract cannot be enforced against the husband's property but can only be satisfied out of the wife's separate property.

J. E. Curl and Bessie F. Curl were married in 1912 and moved to Texas in December, 1941. At that time J. E. Curl had a separate estate valued at $5,000, but Mrs. Curl had no separate property and did not thereafter acquire any property by will or inheritance. Since moving to Texas she has earned no money, nor has she received any property by gift.

The judgment in the above mentioned Cause No. B–17698 was a personal and individual obligation of Bessie F. Curl to Roy Durian. The judgment against Bessie F. Curl, in Cause No. B–17698 is not shown by competent evidence to have been based upon necessaries furnished her and neither is it shown by competent evidence that the plaintiff, J. E. Curl, joined with Bessie F. Curl in creating such indebtedness, or that he consented to the incurring of such indebtedness by Bessie F. Curl.

None of the findings from which the foregoing statement is taken are challenged by the appellants. The trial judge made a further finding, which is attacked by appellants. This finding is in the nature of a conclusion of law and reads as follows:

"I further find that the judgment rendered against Bessie F. Curl in Cause No. B–17698, is not the type or kind of obligation which would authorize the sale of any community property in Texas, under execution."

Based upon the findings above mentioned the perpetual injunction was issued.

There are circumstances under which a judgment against the wife alone may be satisfied by levy upon community property or the wife's interest therein. Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929; Cullum v. Lowe, Tex.Civ.App., 9 S.W.2d 70. The liability of community property for debts is controlled by Articles 4619, 4620, 4621, 4623 and 4624, Vernon's Ann.Tex.Civ.Stats., and pertinent provisions of such articles are set out in the margin.[1]

1. "Art. 4619. Community property
"Sec. 1. All property acquired by either the husband and wife during marriage except that which is the separate property of either, shall be deemed the common property of the husband and wife; * * *. During coverture the common property of the husband and wife may be disposed of by the husband only; * * *."
"Art. 4620. Community property liable for debts
"The community property of the husband and wife shall be liable for their debts contracted during marriage, except in such cases as are specially excepted by law."

"Art. 4621. Community property not liable
"The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife except for necessaries furnished herself and children, unless the husband joins in the execution of the contract; * * *."
"Art. 4623. Subject to debts of wife
"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for nec-

Both Articles 4621 and 4623 relate to the liability of community property for debts resulting from the contracts of the wife. Article 4621 provides that the community shall not be liable, except for "necessaries." A similar provision, except for the personal earnings of the wife and the income from her separate property, is contained in Article 4623. There is a proviso in Article 4621 as to instances wherein the husband joins in the execution of the contract. We think this proviso must be given a construction in harmony with Article 4623, and the statutes giving the husband control and management of the community estate. Article 4619.

In Texas Jurisprudence it is said that:

"Article 4621 of the Revised Statutes exempts the community property from liability for debts or damages resulting from the contracts of the wife with the sole exception of 'necessaries furnished herself and children.' There is a proviso making it liable if 'the husband joins in the execution of the contract.' But here the liability is not upon her contract but upon his." 23 Tex.Jur. 185, Husband and Wife, § 157.

■ In order to render the community liable, the action of the husband contemplated by the Article is one exercised by him as the manager of the community estate. As the status of funds and personal property acquired by husband and wife domiciled in a foreign State is determined by the law of the matrimonial domicile, 23 Tex.Jur. 96, Husband and Wife, § 73, it would appear that the status of a debt founded on contract is similarly controlled. It seems therefore that the joinder of the husband in a wife's contract in a common law State where the parties were domiciled would not meet the statutory requirements as to fixing liability against a future community estate in Texas, when it appears that at the time of such joinder there was no community estate in existence.

As above pointed out, the trial court found that is was not shown by competent evidence that J. E. Curl joined his wife in creating the indebtedness upon which the judgment is based. Although this finding is not directly attacked by a specific point, it is argued in the brief that the burden of proof was upon appellee to show that the judgment was *not* based upon an obligation in which the husband joined, and that, as an alternative, there was evidence in the record which compelled a finding that J. E. Curl joined in the obligation upon which the judgment was based.

■ Laying aside for the moment the proposition that the joinder contemplated by the statute is a joinder of the husband as community manager, we think that the burden of proof to show that a judgment against the wife alone may be satisfied by a levy upon community property rests upon the judgment creditor. This is clearly the rule where the question of "necessaries" is involved. Fairbanks v. Dennett Motor Sales Co., Tex.Civ.App., 56 S.W.2d 474, and no compelling reason is apparent why it should not also be applied to those judgments against the wife only when the contention is advanced that the basis of the judgment is a contract in which the husband joined although by reason of bankruptcy or some other cause he is not a party to the judgment. Cullum v. Lowe, Tex.Civ.App., 9 S.W.2d 70. While the issue of "necessaries" was involved in Straus v. Shamblin, Tex.Civ.App., 120 S.W.2d 598, the reasoning of the opinion is applicable to the matter of the husband's joinder.

essaries furnished her or her children. *, * , * "

"Art. 4624. Judgment and execution

"Upon the trial of any suit as provided for in the preceding article, if it shall appear to the satisfaction of the court and jury that the debts so contracted or expenses so incurred were for the purposes enumerated in said article, and also that the debts so contracted or expenses so incurred were reasonable and proper, the court shall decree that execution may be levied upon either the common property or the separate property of the wife at the discretion of the plaintiff."

As a usual thing, judgment based upon obligations in which both husband and wife join are rendered against both jointly or against the husband. A judgment against the wife alone under such circumstances is the unusual, and it is not an unreasonable burden for the judgment creditor to show that his judgment against the wife is in fact founded upon an obligation in which the husband joined.

 Bearing upon the alternative contention, it appears that appellant offered in evidence a motion for summary judgment in said Cause No. B–17698. There was attached to this motion a copy of the Iowa judgment upon which the Texas judgment was based. The Iowa judgment contained a recitation to the effect that it was based upon a note executed by J. E. Curl and Bessie F. Curl.[2] The trial judge reserved his ruling, and his findings indicate that he considered that the recitals contained in said judgment were incompetent and hence inadmissible. These recitals were no part of the judgment proper, Carolina Aluminum Co. v. Federal Power Commission, 4 Cir., 97 F.2d 435, and as to J. E. Curl, who was not a party to the suit, they were clearly hearsay. In McCormick's Handbook on Evidence, p. 618, § 295, it is said that:

> "The judgments of the courts determining issues of fact, though they are in some sense the reports of the findings of official investigations, have not been received as a general practice as evidence in other suits of the facts so found. Their use in court has been guided by a different principle, that of *res judicata*, and in consequence the findings are received only where the parties to the earlier suit are the same as in the present, or where the present parties are claiming under them, and the earlier findings then come in, not as

evidence merely but as conclusive determinations of the issues."

Appellants'. points disclose no reversible error and the judgment is accordingly affirmed.

2. The Iowa judgment was dated July 5, 1949, and was predicated upon a prior judgment rendered on October 2, 1936. There was introduced in evidence upon the trial of the present case, a copy of a discharge in bankruptcy issued to J. E. Curl on October 3, 1930, by the United States District Court for the Southern District of Iowa. This discharge probably accounted for J. E. Curl's not being a party to the Iowa litigation.