ANDREW R. CARHART, JENNIE H. CARHART, HIS WIFE, JAMES B. SCULLY AND THE BANK OF YBOR CITY, A CORPORATION, *Appellants,* v. W. G. ALLEN, *Appellee.*

FORECLOSURE OF MORTGAGE—ATTORNEYS' FEE.

In a foreclosure proceeding, where the note for the security of which the mortgage was given in express terms contracts to pay a stipulated and definite sum as attorneys' fees for the foreclosure of such mortgage, it is proper for the court to decree such stipulated sum as an attorneys' fee without proofs as to its reasonableness.

This case was decided by Division B.

Appeal from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton,* for appellant;

*Frazier & Mabry,* for appellee.

TAYLOR, J.—The appellee as complainant below filed his bill in equity against the appellants as defendants below in the Circuit Court of Polk County for the foreclosure of a mortgage executed by Andrew R. Carhart and his wife to the complainant. The defendant The Ybor City Bank and James B. Scully were made defendants for the purpose of foreclosing some alleged subsequently acquired interest in the mortgaged property. The defendant Andrew R. Carhart answered the bill alleging that the note and mortgage sought to be foreclosed were without consideration. That they were executed and delivered to the complainant to secure him in the payment of $500 to be advanced by him and to be paid to the Bank of Ybor City to liquidate a debt due from Carhart to the bank, and that said $500 nor any other sum was ever paid by the complainant for him to said bank and that, therefore, there was no consideration for said note and mortgage. This was the real issue in the case. A voluminous amount of testimony was taken and reported to the court and at the final hearing on the bill, answers and testimony, the court below made a final decree in favor of the complainant for the full amount of his note and mortgage and interest thereon, including the sum of $57.60 for attorneys fees for the foreclosure of the mortgage, said amount being ten per cent of the amount of principal and interest adjudged to be due on the note and mortgage.

From this decree the defendants below have appealed here, assigning as error the rendition of said decree—and the feature thereof adjudging $57.60 for attorneys fee—and in the court's refusal to decree that the bank of Ybor City had a first lien upon the property in dispute.

Upon the main issue in the case as to whether the complainant's note and mortgage were given to him to secure

a loan to be made by him with which to pay a debt due from the mortgagor Andrew R. Carhart to The Bank of Ybor City, or whether it was made to him to secure him in the payment of a debt due to him by E. A. Carhart the son of the mortgagor Andrew R. Carhart, the evidence is conflicting; but we are of the opinion that the great preponderance of the evidence shows that the note and mortgage sued upon were given to him to secure the payment of a debt due to him from E. A. Carhart the son of Andrew R. Carhart the mortgagor.

Prior to the execution of the note and mortgage to the complainant Andrew R. Carhart made a contract of sale of the mortgaged property to the defendant James B. Scully whereby Scully paid $500 in cash and gave his six several promissory notes for $500 each payable respectively in one, two, three, four, five and six years after date. Carhart executed a deed to the property to Scully and deposited the same in the Polk County National Bank in escrow to be delivered when all of said notes were fully paid with interest; and said agreement of sale further stipulated that in the event the said Scully should be in default for six months in making any of said payments, then all previous payments made by him should be forfeited and that Carhart might then demand and receive from the Polk County National Bank the deed to Scully deposited with said bank in escrow and should not be liable to said Scully for any sum or sums of money theretofore paid on account thereof. Scully took possession of the property and remained in possession of it for about a year but made default in the payment of all of his notes given for the deferred payments, paying nothing more than the cash payment of $500 made at the time of his purchase. Then Scully abandoned the place and his purchase and Andrew R. Carhart the vendor took posses-

sion thereof.   Prior to the maturity of any of the Scully notes Andrew R. Carhart assigned the four of them first falling due to The Bank of Ybor City as collateral security for an indebtedness due by him to the bank.   On the default of Scully to pay any of these notes, and some time subsequently to the execution and record of the complainants mortgage, the Bank of Ybor City took a new note from Andrew R. Carhart for $1500, consolidating therein all of the indebtedness due to said bank by Carhart, and then took a mortgage from Carhart on the property covered by the complainant's mortgage to secure said $1500 note.   The complainant was informed at the time he took his note and mortgage that the property covered thereby had been sold to Scully under the terms and conditions as above stated.   It is contended by appellee Ybor City Bank that being the assignee of these Scully notes under the circumstances stated it had a prior lien on the property to the mortgage of the complainant who took his mortgage with notice of the sale to Scully.   This contention is untenable.   According to our view Scully is entirely out of the case.   He defaulted in all of his deferred payments, threw up the property and his purchase thereof, and his vendor in recognition of this has again assumed possession thereof, and all efforts to collect from Scully have terminated, and the notes he gave for the purchase money of said property are worthless.   And the Bank of Ybor City in recognition of all this has taken a second mortgage on the property formerly sold to Scully to secure the indebtedness due to it by Carhart, Scully's vendor.

It is also objected that the court erroneously,   without any evidence to sustain its reasonableness, decreed an attorneys fee for foreclosing the mortgage of $57.60. There is no merit in this contention.   The note given to

the complainant, and for the security of which the mortgage was given, in express terms agrees to pay ten per centum of its amount as attorneys fee for collecting same—and the amount allowed in the decree is exactly ten per centum of the principal and interest due on the note and mortgage sued upon. There being an express contract and stipulated amount for attorneys fee no evidence as to its reasonableness was necessary.

Finding no error the decree of the court below in said cause is hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIFLD,

JJ., concur in the opinion.