## *In re* BLAIR.

No. 814.   Opinion Filed May 9, 1911.

Rehearing Denied June 8, 1911.

(115 Pac. 1123.)

Action for the disbarment of Robert F. Blair.   Dismissed.

*E. L. Moore* and *J. D. Cox,* for prosecutor.

*L. B. Fant, R. C. Allen, W. O. Rittenhouse,* and *H. M. Brown,* for respondent.

PER CURIAM.   This is an original action filed in this court on the petition of John H. Kormier.   The original information was filed April 30, 1909.   On June 10, 1909, an amended petition was filed, and on August 27, 1909, additional charges were filed, making a total in all of 25 separate and specific charges against the respondent, Robert F. Blair, a licensed attorney of this court, on which it is sought to secure his disbarment.   The charges range in degree from indecorous conduct in court to perjury and infamous crimes.   The respondent filed an answer, in which he expressly waived the statute of limitations and all other technical defenses, and denied every allegation and charge contained in the specifications, and averred them to be wholly false.   He further pleaded facts, and sought to show that the proceeding against him was the result of collusion and conspiracy, and animated by hatred and malice, the outgrowth of certain actions on his part taken under an appointment of the district court of Wagoner county, in the disbarment and revocation of the license issued to a party against whom proceedings for such purpose had been brought.   After the issues herein were made up, the cause was referred to a referee, before whom was examined a great number of witnesses, and who has made report to this court, accompanied by several hundred pages of typewritten matter.   From the report made by said referee, the respondent is acquitted of all the different charges with the

exception of two. The first of these is one wherein he is charged with having used improper epithets, sharply calling into question the veracity of some of the members of the bar in the trial of cases in court. This charge the respondent confesses, but avers that it was in retort to charges of the same character made by those to whom his remarks were directed. While such conduct is always to be deprecated in counsel, the occasion affords an opportunity for prompt action by the court in whose presence such conduct occurs, rather than an action for disbarment in some other tribunal. The other charge was that the respondent had secreted the papers and files in a case in which J. H. Thigpen was plaintiff and Theo. Potts and others were defendants, pending in the United States District Court at Wagoner. This is said to have taken place in the year 1905. On this matter Mr. Blair testified, admitting that he took the papers in the case, because Thigpen, for whom he had brought the action, refused to pay him for his services, and then discharged him; that to the papers was attached the original note and mortgage, and that he held the same to enforce his lien for his fees for the service rendered. The statutes of Arkansas then in force gave an attorney a lien on papers of his client in his possession for professional services. Thereafter it appears he was proceeded against before the court for contempt for his conduct in this regard, and the court permitted him to detach the original note and mortgage and return the papers. Thus it seems that, at the time when this matter was fresh in the minds of all, the court in which it occurred had it then called to its attention and dealt with it as in its judgment right and justice demanded. No recommendation whatsoever is made by the referee in this case, but the charges which he finds sustained, it occurs to us, were both such as the courts at the time of their occurrence should have dealt with, and we do not regard them as sufficient grounds at this late date for disbarment. The report of the referee herein was filed in this court on December 8, 1910, to which report exceptions were filed. On the 27th day of December, 1910, the court made an order requiring petitioner to file briefs in support

of his exceptions, allowing him 15 days, and allowing respondent 15 days thereafter to file reply brief. On January 5, 1911, counsel for petitioner filed a motion praying that the time heretofore allowed be extended for 15 days. It appears that the court did not act on this motion, and that plaintiff failed to file briefs within the 15 days asked for, or any other time. The case so stood until it was submitted at the March term of this court. On March 17, 1911, counsel for petitioner filed a motion asking the court for another extension of time to file briefs after the submission of the case. This the court allowed, granting 10 days from March 21, 1911, and the respondent 5 days thereafter to file his briefs. The respondent has complied with the order of the court; but, although a month has elapsed to the date of the consideration and preparation of this opinion, counsel for petitioner have wholly ignored this proceeding, and to this time have failed to file any brief or offer any excuse in extenuation therefor. In addition, therefore, to the reasons heretofore given, this action is dismissed for want of prosecution, and the costs made in its prosecution and defense are adjudged against the petitioner.