HERMAN MERRELL, *Appellant,* v. VINCENT RIDGELY AND OTHERS, *Appellees.*

1. When a pleading termed an answer to which replication is filed is in reality a plea, setting up no defense an admission of the facts therein does not compel a dismissal of the bill.

2. A recorded mortgage covering a lot in a known sub-division by its proper name but mistakenly referring to the wrong plat book, is notice to a purchaser of that lot at execution sale.

3. When the note provides for a certain attorneys fee, and the mortgage provides for a reasonable attorneys fee, the note is some evidence upon which the court may fix the fee.

This case was decided by the Court En Banc.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Herman Merrill, in pro per.;*

*McMullen & McMullen,* and *Grant Aiken,* for Appellees.

COCKRELL, J.—This is a suit to reform a mortgage and enforce it as a lien upon a lot in Lakeside sub-division of St. Petersburg, Florida. It appears that in February, 1908, J. F. Lindsey, now deceased, gave Vincent Ridgely a mortgage on realty described as Lot number Nine (9),

Block Two (2) as the same is mapped and platted as Lakeside sub-division of the City of St. Petersburg, Fla., and recorded January 10th, 1908, in Plat Book Three (3), Page 41, in office of Clerk of Circuit Court of Hillsborough County, Florida." Herman Merrill claims superior title by virtue of an execution sale in 1910, and that on Plat Book 3, page 41, is recorded a plat of Bayshore Subdivision of St. Petersburg, showing a Lot Nine in Block Two; and further that he had no knowledge of the mortgage except from the record in the Clerk's office. It further appears that the Plat of Lakeside was recorded on January 10, 1908, in Plat Book 4, p. 112.

It is stated in appellant's brief that there were two platted sub-divisions of St. Petersburg, known respectively as Lakeside and Bayshore, about a mile apart, but we do not find this in the record.

We confess to a degree of uncertainty as to the exact status of the pleadings. The so-called "answer" of Merrill neither admits nor denies one allegation of the bill, but sets up an independent fact to avoid the equity thereof, and should more properly be considered a plea. Again the complainant joins issue on this "answer" and then upon the hearing admits all its allegations of fact. Ordinarily an answer proven calls for a dismissal of the bill as to the party answering. The replication to the "answer" is in the full form, containing the statement "that the said answer is uncertain, untrue, and insufficient to be replied unto," and the parties before the Circuit Court as well as before this court, treat the cause as if a plea were set down for argument, or as if upon bill and answer.

Despite the conclusion in the answer that Merrill was a bona fide purchaser without notice, we think he had notice and bought the property subject to the mortgage.

The failure to refer to the proper plat book goes rather to the existence of a sub-division of St. Petersburg known as Lakeside, than to cause a patent ambiguity in the description, and yet Merrill admits the existence of such sub-division in that he claims his title by the same name. The Lakeside sub-division being an existing entity, any one buying property in that sub-division, would have no difficulty in ascertaining from the public records the existence of this mortgage upon a certain lot in Lakeside There is no statute requiring plats to be recorded, and no surveyor would have difficulty in locating the lot upon the plat of Lakeside so far as we are advised, nor are we advised but that Bayshore was another name for Lakeside, and that the two recorded plats are identical.

It is further urged as error that the court adjudged the attorney's fee without proof as to its reasonableness. The master adjudicated the fee at $108.66, which was one-tenth of the principal debt and interest. The note incorporated in the mortgage provided for ten per cent. of the principal and interest as attorney's fee, and the mortgage further provided that a reasonable fee be allowed. We cannot say that the note itself was not some evidence upon which the master may have acted, and there is no intimation here that the amount allowed was unreasonable, nor does it appear to be so upon its face. In the cases heretofore decided by this court, the amount was not fixed by the parties or the statutes or only the maximum was fixed. Carhart v. Allan, 56 Fla. 763.

We find nothing on this record of which the appellant may rightfully complain, and the decree is affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.