### DAWSON v. KRONING.

No. 6849—Opinion Filed June 11, 1916.

Rehearing Denied July 2, 1918.

(173 Pac. 521.)

(Syllabus.)

1. **Appeal and Error—Judgment on Pleadings—Overruling of Motion to Vacate Judgment—Error.**

Where the court sustained a motion for judgment and rendered judgment upon the pleadings and error was not prosecuted from said judgment, error cannot be subsequently predicated thereon in an appeal from an order overruling a motion to vacate said judgment.

2. **Judgment—Judgment by Consent—Waiver.**

Where counsel for both parties appeal and submit to the court all issues presented by a motion for judgment on the pleadings and consent that the court may render such judgment thereon as in his opinion is proper, this constitutes a waiver of any objection that otherwise might have been made that the judgment was rendered before the cause regularly stood for trial.

Error from County Court, Greer County; Jarret Todd, Special Judge.

Action by J. Kroning against W. D. Dawson and another. Judgment for plaintiff on his motion for judgment on the pleadings, motion of defendant Dawson to vacate the judgment overruled, and from such order he brings error. Affirmed.

Scott Reeburgh, for plaintiff in error.

B. L. Tisinger, for defendant in error.

HARDY, J.    J. Kroning commenced this action against W. D. Dawson and another upon certain promissory notes. Answer was filed admitting the execution of the notes but pleading in general terms that there had been a failure of consideration and a release of the defendant Dawson. The answer pleads no facts upon which these conclusions were based. Motion for judgment on the pleadings was sustained October 6, 1913, and judgment rendered in favor of Kroning for the amount of the notes. No

appeal was prosecuted from the judgment December 13, 1913, Dawson filed motion to vacate the judgment which was overruled, and this appeal is prosecuted from the last-named order.

Several assignments of error are urged involving the action of the court in sustaining the motion for judgment and in rendering judgment; but inasmuch as no appeal was prosecuted therefrom, same are not involved in this proceeding and cannot be considered. Philip Carey Co. v. Vickers, 53 Okla. 569, 157 Pac. 299.

While the motion to vacate the judgment urges as one of the grounds thereof that said case was regularly set for trial on the 16th day of October and that the judgment was rendered before the day on which the case was regularly set for trial, the case-made does not contain any evidence on this point, and we are unable to determine from the case-made when the cause had been set for trial, and in the absence of the evidence upon this point there is nothing presented for review by us. The journal entry of the judgment rendered by the court in sustaining the motion for judgment upon the pleading recites that at the hearing upon the motion both parties appeared by counsel and submitted arguments thereon and consented that the matter might be submitted to the court and judgment rendered upon the issues made by the pleadings. When counsel consented that the court might hear and determine the motion for judgment and render such judgment thereon as in his opinion was proper, this was a waiver of any objection they might have otherwise urged to the rendition of judgment before the case was set for trial, if in fact this was done.

For these reasons the judgment is affirmed.