## CLEVENGER v. CROSBY & MOONEY.

No. 11011—Opinion Filed Feb. 13, 1923.

Rehearing. Denied March 13. 1923.

(Syllabus.)

**1. Principal and Agent—Question for Jury.**

In law actions in this jurisdiction, the question of agency is for the jury where from the evidence introduced, reasonable men may reach different conclusions as to whether agency has been established.

**2. Trial—Directed Verdict.**

The rule is well established in this jurisdiction that the trial court is unauthorized to direct a verdict in an action triable to a jury where there is competent evidence sufficient to reasonably sustain a verdict in favor of the party against whom the court is requested to instruct the jury.

Error from District Court, Mayes County; W. J. Campbell, Judge.

Action by Crosby & Mooney, against Ed Clevenger, in replevin. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with directions.

Robert F. Blair, for plaintff in error.

Holtzendorff & Holtzendorff, for defendants in error.

KENNAMER, J. On May 15, 1918, Crosby & Mooney, plaintiffs, commenced this action in the district court of Mayes county, Oklahoma, against Ed Clevenger, defendant, in replevin, to recover possession of 27 cows branded "Circle J" of the alleged value of $1,620. The petition of the plaintiffs alleged a general ownership of the property, and that they purchased the cattle from Otis R. Cureton on the ——— day of December, 1917, and obtained from Cureton a bill of sale for the cattle on said date. The defendant filed an answer consisting of a general denial to the allegations of the plaintiffs' petition.

The cause was tried on the 23rd day of April, 1919, to a jury, and at the close of the evidence introduced by the plaintiffs and defendant, the court instructed the jury to return a verdict in favor of the plaintiffs for the possession of the cattle, and under the instructions of the court the jury returned a verdict in favor of the plaintiffs and fixed the value of the cattle at $1,575. Judgment was by the court entered upon the verdict of the jury; motion for new trial overruled and the defendant prosecutes this appeal to reverse the judgment of the trial court.

The material facts necessary to be considered in determining the questions presented for review on this appeal are, in substance, as follows: On December, 5, 1917, Otis R. Cureton and the plaintiffs entered into the following contract on bill of sale:

"Chouteau, Oklahoma, December 8th, 1917.
"Bill of Sale.

"Know all men by these presents that I, Otis R. Cureton, of Chouteau, Oklahoma, has this day sold to Crosby and Mooney of Chelsea, Oklahoma, the following described cattle, to wit:

"110 head of coming two-year-old steers;
"30 head of coming two-year-old heifers;
"60 head of cows:

"All of said cattle being branded thus on the right hip '(J)'. Said sale being on the following conditions: That if the said Otis R. Cureton pays the firm of Crosby and Mooney the sum of eighty-three hundred and no-100 dollars on or before the 5th day of June, 1918, together with interest from this date at 8% per annum, the said Mooney and Crosby shall and will deliver unto the said Otis R. Cureton possession of said cattle together with all title to said cattle. But if the said Otis R. Cureton shall fail to pay the said Crosby and Mooney the above sum of money then the said Otis R. Cureton shall have no further claims against said cattle, and he shall at the demand of said Crosby and Mooney deliver unto them all of the above described cattle, and claim no further interest in them.

"It being expressly agreed to and between the said parties that the said Otis R. Cureton shall retain possession of the above described cattle, and shall keep the same in good and reasonable condition during the life of this contract. This contract being evidenced by the execution of one promissory note this day executed for the above amount and payable as above set forth.

"Otis R. Cureton, Principal.
"Crosby and Mooney.
"By L. E. Mooney.
"Witness: W. J. Walker, Robt. Cobb."

It is admitted that this instrument of writing was never filed or recorded, and therefore did not impart constructive notice to subsequent purchasers of any of the cattle described therein. It is also conceded that the bill of sale included the 27 head of cattle involved in this action.

It is plain from the evidence that Otis R. Cureton, soon after coming into possession of the cattle in controversy, placed the cattle in charge of Bill White for the purpose of having Bill White feed and care for the cattle; that Bill White, on the 5th day of March, 1918, sold to the defendant, Ed Clevenger, the 27 head of cattle in controversy for a consideration of $1,250, which was paid by check by the defendant, and that the defendant took the actual possession of the cattle on the date of the sale; that on the 9th day of March, 1918, the plaintiffs, after having obtained information that Bill White had sold the cattle to the defendant, went to Otis R. Cureton and obtained from Cureton an unconditional bill of sale for all cattle which Cureton owned in the state of Oklahoma branded "Circle J", it appearing that the brand "Circle J" was Cureton's brand.

After the institution of this suit, Bill White filed an application to be a party to the action, alleging that he had sold the cattle in good faith and warranted the title. It appears that subsequent to filing the application and prior to the trial of the cause, Bill White had died and no action of the court was taken in reference to his application to be made a party to the action.

We have examined the testimony of Otis R. Cureton offered in the trial of the cause by the plaintiffs, and it appears that he testified that he turned the cattle over to White to pasture and feed for him, and that he told White to get him a buyer for the cattle. On pages 28 and 29 of the record, we find that Cureton testified that, "White

was managing my cattle end of my business."

It is our conclusion from the evidence found in the record that the court committed reversible error in instructing the jury to return a verdict for the plaintiffs.. Agency may be established by showing an express appointment with authority to act in the manner in question, or by implication from conduct for which the principal will be held responsible. Mounts v Boardman Company, 79 Okla. 90, 191 Pac. 362; 2 C. J. 435. It is quite obvious that the bill of sale or contract executed on the 5th day of December, 1917, by Cureton to the plaintiffs amounted to nothing more than a mortgage upon the cattle, and having never been recorded as required by law. subsequent purchasers without actual notice of the claims of the plaintiffs in purchasing the cattle from Cureton or his authorized agent, must be held to be bona fide purchasers in good faith and protected as against the claims of the plaintiffs. This rule of law is fundamental and not questioned by counsel for the plaintiffs.

The remaining question necessary to be considered 'n determining whether the trial court committed reversible error arises out of the action of the court in instructing the jury to return a verdict for the plaintiffs. The question of authority of White to make the sale of the cattle to the defendant under the evidence should have been submitted to the jury. We are clearly of the opinion that under the evidence it was the duty of the court to submit the case to the jury on the question of whether White had expressed or implied authority to sell the cattle for Cureton. Possession of personal property is prima facie evidence of ownership, and the law assumes that property is always in the possession of its owner or his agent. In the instant case the undisputed evidence shows that the owner of the property placed White in the possession of it, and he stated that White was managing his cattle business, and that he told White to secure him a purchaser for the cattle. This evidence was at least sufficient to submit the case to the jury upon the question whether or not White had the authority to sell the cattle. The rule is well established that the trial court is unauthorized to direct a verdict in an action tried to a jury where there is competent evidence sufficient to reasonably sustain a verdict in favor of the party against whom the court is requested to instruct the jury. Haddock v. Sticelber and Mong, 65 Okla. 254, 165 Pac. 1138; Okla.

homa Automobile Company v. Goulding, 73 Oklahoma, 176 Pac. 400.

In view of this conclusion, it is unnecessary to consider any of the other errors complained of, as the cause must be reversed and remanded for a new trial and such error, if any, will not likely occur. It is, therefore, ordered that the judgment of the trial court be reversed, and the cause is remanded with directions to grant a new trial.

JOHNSON, V. C. J., and McNEILL, NICHOLSON, and COCHRAN, JJ., concur.