## OKLAHOMA PIPE LINE CO. v. HOEFER, Adm'r.

No. 13709—Opinion Filed Sept. 16, 1924.

1. **Principal and Agent — Authority of Agent—Question of Fact.**

In a case involving a claim for labor, where the defense is want of authority in an alleged agent to employ plaintiff, the questions of agency and authority are questions of fact to be determined by the jury from all the facts and circumstances in evidence, and under proper instructions.

2. **Assignments—Choses in Action—Assignee Real Party in Interest—Survival of Cause of Action.**

Where an action is commenced by assignee of a chose in action, the assignment reciting a valuable consideration, such assignee is the real party in interest under section 209, Comp. Stat. 1921, and where he dies pending the action, the claim survives and is an asset of his personal estate, so that the action may be properly revived in the name of his administrator.

3. **Costs—Attorney's Fees—Proof of Value Necessary.**

In an action to enforce a lien, where there is no contract as to amount of attorney's fees, it is error to render judgment for such fees in the absence of proof as to value of attorney's services.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by John E. Hoefer, administrator of the estate of S. D. Taylor, deceased, against Oklahoma Pipe Line Company to recover upon certain claims for labor and to enforce laborer's lien. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

This action was originally commenced in the district court of Kay county by S. D. Taylor for himself and as assignee upon 15 labor claims against the defendant. Pending the action S. D. Taylor died and upon due notice the action was revived in the name of John E. Hoefer, as administrator of his estate.

It appears that during January, 1919, S. D. Taylor and a number of other persons performed certain work and labor upon a pipe line belonging to the defendant, said work consisting of rip-rapping and back filling along the line, and covered a period of some nine or ten days. These parties were employed by a man named Gahagan who was a foreman of the pipe line work in the employment of the defendant. A camp was established and provisions procured, but after the work was completed defendant refused payment upon the ground that Gahagan was without authority to employ these men. Thereupon all of them filed lien statements in the office of the court clerk of Kay county, and thereafter each of them for a valuable consideration, as stated in the written assignment, assigned his claim and lien to S. D. Taylor, who brought this action as the owner and holder by assignment of all of these lien claims, together with his own, amounting to the total sum of $673.50. Defendant answered by a general denial. Upon the issues thus formed the cause was tried January 24, 1920, and resulted in a verdict and judgment in favor of the plaintiff for the amount sued for, whereupon the court

also entered judgment in favor of the plaintiff for the sum of $150 as attorneys fees to be taxed as costs as prayed for in the petition. After unsuccessful motion for new trial, defendant, Oklahoma Pipe Line Company, has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiff in error.

W. S. Cline and William H. Cline, for defendant in error.

Opinion by LOGSDON, C. By its petition in error defendant has assigned 18 specifications of error, but in its brief only four propositions are urged as grounds for reversal of the judgment. The first and second propositions involve the same question and will be considered and disposed of together. The first proposition reads:

"The court should have sustained the demurrer to the evidence interposed by the defendant at the close of the plaintiff's case."

The second proposition reads:

"The court should have instructed a verdict for the defendant at the close of all the evidence."

These two propositions raise the question in this court of the sufficiency of the evidence as to the agency of Gahagan and of his authority to employ these men to do the work upon which these labor claims are based, and also the question as to whether John E. Hoefer as administrator is a real party in interest in this action and entitled to recover as such.

The question of agency is always a question of fact to be determined by the jury under proper instructions. Clevenger v. Crosby & Mooney, 89 Okla. 55, 213 Pac. 76; Reed v. Robinson, 83 Okla. 68, 200 Pac. 773; Thorp Oil & Specialty Co. v. Home Oil Ref. Co., 79 Okla. 225, 192 Pac. 584; Holland v. Scheruble Heating, Plumbing & Repair Shop, 99 Okla. 141, 226 Pac. 39.

In this case the evidence was in conflict as to the agency and authority of Gahagan to employ these men at the time they were employed, but there are facts and circumstances in evidence sufficient, if believed by the jury, to establish his agency and authority, and in such circumstances it is the established rule of this court that the verdict of the jury will not be disturbed. Where a jury has determined a controverted issue of fact and there is evidence in the record

reasonably tending to support the verdict the judgment of the trial court upon such verdict will be sustained. It is unnecessary to cite authorities upon this proposition.

Plaintiff alleged and proved a written assignment to his intestate of 14 of the claims sued on in this action. Section 209, Comp. Stat. 1921, requires that every action must be prosecuted in the name of the real party in interest. Section 210 provides that in the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or any other defense allowed by law. That these claims were assignable is well settled in this state, and S. D. Taylor was authorized to maintain the action thereon in his own name. K. C., M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 Pac. 51; Minnetonka Oil Co. v. Cleveland Vitrified Brick Co., 27 Okla. 180, 111 Pac. 326; Chicago, R. I. & P. Ry. Co. v. Bankers National Bank, 32 Okla. 290, 122 Pac. 499.

S. D. Taylor being the real party at interest, and the cause of action being one which survives, at his death his administrator was authorized to prosecute the action and to recover judgment thereon as a part of the personal estate of S. D. Taylor, deceased. It could not be material to the defendant whether the probate court thereafter would or would not allow claims against his estate for these various sums. That is a matter entirely within the jurisdiction and for the decision of the probate court in the administration of his estate and is of no concern to the defendant. It is, therefore, concluded that the trial court committed no reversible error in overruling the demurrer to plaintiff's evidence and in refusing to direct a verdict for the defendant.

The third proposition relied on for reversal reads:

"The judgment for attorney's fees was erroneous and should not have been entered."

It appears from the record in this case that no testimony was introduced and none offered to establish the reasonable value of the attorney's services in the case. Section 7482, Comp. Stat. 1921, provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

In the case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, this court in considering the above statute said:

"Where an action is brought upon a prom-

issory note for the foreclosure of a lien upon collateral given to secure the payment of said note, an attorney's fee, under section 3877, Rev. Laws 1910, may be 'awarded' the successful party in the action and taxed as costs, but the trial court is without authority to award such attorney's fee without evidence as to the value of such attorney's fee."

This case has been followed in the case of Holmes v. S. H. Kress & Co. et al., 100 Okla. 131, 223 Pac. 615. In the absence of proof showing the value of the services rendered by the attorney the court is without authority to render a judgment in a lien action for attorney's fees. It is, therefore, concluded as to the third proposition that the trial court erred in rendering judgment in favor of the plaintiff in this action for the sum of $150 as attorney's fees.

Defendant's fourth proposition complains of the giving of instruction No. 3 by the court as follows:

"If you find from the evidence in the case that Gahagan was authorized to employ the several parties to perform the work on the Oklahoma Pipe Line and that the said work was performed by said parties, then and in that event the plaintiff, John E. Hoefer, administrator, is entitled to recover in this case."

It appears that no request was made by the defendant for a more extended or definite instruction upon the issues covered by instruction No. 3. An examination of said instruction does not disclose any erroneous statement of the law as applied to the facts in this case, and if defendant desired the instruction to be fuller and more definite in any particular, the defects complained of should have been pointed out to the court by a requested instruction covering such matters. Where an instruction correctly states the law as applied to the facts in a case, complaint of such instruction that it is not full and complete cannot avail in this court unless the trial court was given an opportunity to meet the objection upon the trial. Moore v. O'Dell, 27 Okla. 194, 111 Pac. 308; First Nat. Bank of Muskogee v. Tevis et al., 29 Okla. 74, 119 Pac. 218; Chicago, R. I. & P. Ry. Co. v. Baroni, 32 Okla. 540, 122 Pac. 926; St. Louis & S. F. Ry. Co v. Crowell, 33 Okla. 773, 127 Pac. 1063. Instructions must be considered as a whole. The instruction complained of, when read in connection with the other paragraphs of the court's charge, shows that all issues were fairly presented and the law applicable to the facts correctly stated.

This case appears to have been fairly tried and the verdict of the jury is amply sustained by the evidence. It is not deemed proper to reverse this case for a new trial alone upon the erroneous judgment of the trial court as to attorney's fees. It is, therefore, concluded that if plaintiff shall file a remittitur in this court prior to the going down of the mandate herein for the sum of $150, the amount of the attorney's fees included in the judgment, the judgment of the trial court should be in all things affirmed, otherwise the judgment of the trial court to be reversed and cause remanded for a new trial.

By the Court: It is so ordered.