## OSAGE OIL & REF. CO. et al. v. DICKASON-GOODMAN LBR. CO.

No. 13813—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 16, 1924.

Leave to File Second Petition for Rehearing Denied Dec. 30, 1924.

(Syllabus.)

1. **Appeal and Error—Liability on Supersedeas Bond—Effect of Bankruptcy Proceeding Against Principal.**

The mere filing of proceedings in bankruptcy, pending and undetermined, does not affect the power of this court to render judgment against the sureties on a supersedeas bond under the provisions of section 797, Comp. Stat. 1921.

2. **Same.**

The liability of sureties on a supersedeas bond in an appeal to this court is to be determined by the strict letter of the bond, and cannot be affected by the bankruptcy or insolvency of the principal, where the condition of the bond has been met by affirmance on appeal.

Error from District Court, Oklahoma County; A. C. Brewster, Assigned Judge.

Motion for judgment against sureties sustained.

See, also, 106 Okla. 119, 231 Pac. 475.

W. N. Redwine and J. E. Whitehead, for plaintiffs in error.

John F. Kerrigan and Ross & Thurman, for defendant in error.

Robt. J. Boone, for sureties on supersedeas bond.

WARREN, J. In this case there was an appeal from the judgment of the district court of Oklahoma county, wherein the plaintiff, Dickason-Goodman Lumber Company, recovered from the defendants, Osage Oil and Refining Company and James E. Whitehead, on the 21st day of March, 1922, a judgment in the sum of $12,143.41. On April 29, 1922, a supersedeas bond in the sum of $24,500 was filed in the district court of Oklahoma county and duly approved by the court clerk with Wm. W.

Gruber and R. V. McMullen as sureties, superseding said judgment as to both defendants and on which both defendants appeared as principals. The judgment was affirmed by this court in an opinion handed down on October 14, 1924.

Petition for rehearing was filed, and prior to action thereon defendant in error filed its motion for judgment in this court against the sureties on the supersedeas bond under the provisions of section 797, Comp. Stat. 1921.

In response to this motion for judgment against the sureties, plaintiffs in error file in this court a suggestion of bankruptcy of the plaintiff in error, the Osage Oil & Refining Company, and object to any judgment against the sureties on the supersedeas bond because of such bankruptcy. The response of the plaintiffs in error shows to the court that on August 1, 1924, a petition in bankruptcy was filed against the Osage Oil & Refining Company, one of the plaintiffs in error, and such petition is now pending and undetermined.

It is the theory of the plaintiffs in error that the proceedings in bankruptcy discharge both the principals and sureties on the supersedeas bond. In support of this theory there is cited the following authorities: Odell v. Wooten, 38 Ga. 224; Goyer Co. v. Jones, 79 Miss. 253; Fontaine v. Westbrooks, 65 N. C. 528; Sigler v. Shehy, 15 Ohio, 471; Kenley v. Hughes, 1 Brown (Pa.) 258; Martin v. Kilbourne (Tenn.) 12 Heisk. 331; Thomas v. Cole (Tenn.) 10 Heisk, 411.

An examination of the above authorities fails to convince us of the correctness of the position of plaintiffs in error even had there been an actual adjudication in this case, which does not appear.

In almost every case the decision cited is based on the letter of the bond. The bonds were conditioned, as a rule, that the sureties would pay any judgment that might be rendered against the principal. In each case the appeal was to a court where the trial was de novo and the adjudication in bankruptcy prevented a judgment against the principal.

In the present case the condition of the bond is that "if the principal obligors shall pay to the obligee the condemnation money and costs in case the judgment or final order shall be adjudged against them or affirmed, in whole or in part this obligation shall be void."

No case is called to our attention where the appellant had procured a supersedeas to a court of purely appellate jurisdiction, the sole question being the affirmance or reversal of the judgment.

The following authorities sustain the theory that the bankruptcy of the principal in cases similar to the present case does not release the sureties: Phillips v. Wade, 66 Ala. 53; Baldwin v. Gordon (La.) 12 Martin, 378; Field v. Zalle, 5 Mo. App. 596; Fisse v. Einstein, 5 Mo. App. 78; Murray v. Bass (N. C.) 114 S. E. 303; Farrell v. Finch, 40 Ohio St. 337; Knapp v. Anderson, 71 N. Y. 466; Slusher et al. v. Hopkins et al., 124 Ky. 44, 97 S. W. 1128.

In this case the procedure for judgment against sureties was in effect when this bond was executed. The plaintiff in error, the Osage Oil & Refining Company, was no doubt solvent at that time. These sureties by their act in signing this bond have kept the defendant in error out of its money for more than two and one-half years. They agreed by their signatures to pay this sum, and impliedly to have judgment rendered against them in this court, in the event the judgment of the lower court was affirmed. They are being required to do no more than they agreed to do and it would be a gross injustice to relieve them of their obligation.

There are other reasons why the sureties in the present case are not released. In the first place, James E. Whitehead is also a judgment debtor and principal on the supersedeas bond, and there is no contention that he is not solvent. Then, in the second place, there is no adjudication of bankruptcy in the case of the other judgment debtor. The bankruptcy proceedings pending may never ripen into an adjudication. We cannot speculate on the outcome of this litigation, and assume that such adjudication will ever occur.

For these reasons, the motion of the defendant in error for judgment against the sureties will be sustained. Judgment is therefore entered in this court in favor of Dickason-Goodman Lumber Company against Wm. W. Gruber and R. V. McMullen, sureties, for the sum of $12,143.41, with interest at the rate of 6 per cent. per annum from March 21, 1922, and for costs.

McNEILL, C. J., and NICHOLSON, BRANSON, JOHNSON, and GORDON, JJ., concur.