## DELCO LIGHT FRIGIDAIRE CO. v. BABB et al.

No. 22316.    May 15, 1934.

McKeown & Green, for plaintiff in error.

Wimbish & Wimbish, for defendants in error.

CULLISON, V. C. J. The Delco Light Frigidaire Company, a corporation, as plaintiff, filed suit against Garland L. Babb and others, defendants, seeking to recover on a replevin redelivery bond.

The record discloses that Babb was in the possession of a Delco light plant and became in arrears upon payments thereon. The Delco Company, as plaintiff, filed a suit in the district court of Pontotoc county, Okla., seeking to replevin said property. When the sheriff took possession of the property, Babb executed a redelivery bond signed by himself and S. E. Patton and C. L. Burnett, as sureties, thereby retaining possession of said property until the termination of the suit.

Upon the trial of said cause judgment was rendered for plaintiff for the possession of the Delco light plant and an alternative judgment for the value thereof in the sum of $258 in the event the property was not returned as ordered.

Upon the rendition of said judgment, Babb tendered possession of the property to plaintiff and plaintiff advertised and sold said property under its chattel mortgage for $10.

After the sale of said property, plaintiff instituted the suit at bar wherein it seeks to recover from Babb and the sureties on the replevin redelivery bond $258, which was the value placed upon said property by the jury in its alternative judgment, together with certain costs, making a total amount claimed of $292.70.

The defendants answered by separate answers. In substance, they admit the execution of the replevin redelivery bond and that the judgment was had in the former case directing the return of said property and fixing the amount of the value thereof in the event said property could not be returned.

Defendants further allege that the property was tendered plaintiff within a reasonable time after the rendition of the judgment decreeing said property to be returned to plaintiff and that plaintiff had constructive possession of the property thereafter; that defendants having delivered possession of the property in accordance with the terms of the redelivery bond, the sureties had fulfilled their obligation thereon by delivering possession of said property to plaintiff. Defendants further ask in their cross-petition for damages in the amount of $500 and for punitive or exemplary damages in the amount of $500.

Plaintiff replied to the answers and cross-

petition of defendants by general denial.

When the case was called for trial, plaintiff admitted, that possession of the property had been tendered by defendant in accordance with the judgment of the court in the former case, and the defendants tendered into court the amount of costs due in said former case in the amount of $40.95.

The court thereupon rendered judgment for plaintiff in the amount of $40.95.

Plaintiff appeals from said judgment and contends the court erred in overruling the motion of plaintiff to strike the separate answer and cross-petition of the defendant Babb.

The record discloses that the suit was brought against Babb, Patton, and Burnett, and later plaintiff dismissed as against Babb.

Babb procured an order allowing him to file an answer and cross-petition in said cause, which is the question presented by plaintiff herein.

Plaintiff relies upon the case of Burnham v. Edwards, 125 Okla. 272, 257 P. 788, but in this decision of the court we observe that while the court holds that the plaintiff has a right to proceed against the sureties on the bond without the principal because of the terms of the said bond and the conditions of our statute relating thereto, yet said case does not cover the situation at bar.

Apparently in the case cited some of the defendants were requesting that all parties to the bond be made party defendants.

In the case at bar one of the defendants, after having been dismissed from said cause, seeks to be made a party defendant in said cause in order that he may file an answer and what he considers to be a cross-petition to plaintiff's cause of action and thereby get certain matters litigated, as set out in defendant's (Babb's) answer and cross-petition.

The authorities cited are not conclusive of the matter presented by plaintiff, and we consider the ruling of the trial court was proper.

Plaintiff next contends the court erred in overruling the special demurrer of plaintiff to the answer and cross-petition of defendants.

The authorities cited by plaintiff in support of said contention deal with the proposition of where the judgment has been re-

covered in a replevin matter adjudicating the value of the property. That said matter became final if not appealed from, and upon the suit upon replevin bond the matters tried in the original replevin suit cannot be re-adjudicated in a suit upon a replevin bond.

There was no attempt to evade or contradict the judgment of the court in the replevin suit in the case at bar, because defendants referred to the same and made it a part of the issues of their answers filed, as well as did plaintiff base his suit thereon.

The contested question at issue between plaintiff and defendant was whether or not the property had been unduly withheld from plaintiff by defendant and injured while held by defendant. That was the matter sought to be litigated in the suit at bar.

Plaintiff's third contention is:

"(1) Error of the court, of its own motion, in sustaining a motion on the pleadings and rendering judgment for defendants.

"(2) That said judgment is not sustained by the law and is contrary to the law and the pleadings.

"(3) Error of the court in refusing to submit said action to a jury for a decision upon the issues of fact raised by the pleadings.

"(4) Error of the court in dismissing the action of plaintiff."

In our consideration of the question raised in plaintiff's third proposition we observe that the last specification stated, to wit, "Error of the court in dismissing the action of plaintiff," cannot be maintained. Under the judgment rendered by the court (R. 64) the court did not dismiss plaintiff's cause of action, but rendered judgment for plaintiff in the amount of $40.95.

We further observe that the first part of said contention, supra, to wit, "Error of the court, of its own motion, in sustaining a motion on the pleadings and rendering judgment for defendants," is not substantiated by the record.

The record discloses that when said case was called for trial plaintiff admitted that defendant tendered possession of the property replevied and did not withhold the same from plaintiff, and upon said admission the court rendered judgment for plaintiff for the amount of costs and did not render judgment exclusively upon the pleadings, but, on the contrary, rendered judgment upon the admissions of the parties in court.

Plaintiff further contends that the court

should have submitted said cause to a jury for a decision, and that the judgment is not sustained by the law.

In our consideration of said question we observe that when the district court rendered judgment holding that plaintiff was entitled to recover possession of the property through its replevin suit, defendants tendered possession of the property to plaintiff. Under the terms of the bond defendant and his bondsmen bound themselves to deliver the property or the value thereof. When the tender of the property was made they fulfilled the obligation of the bond in so far as it required a delivery of the property. There is no issue herein that the property, while retained, depreciated in value.

When the case at bar was called for trial and it was admitted that a tender of the property had been made shortly after the rendition of the judgment requiring surrender of said property, the trial court took the view that this settled all controverted questions well pleaded by plaintiff and rendered judgment for plaintiff for the amount of costs remaining due.

We have examined the record in said cause and considered the judgment rendered by the trial court, and cannot say that the trial court committed reversible error in his decision therein.

Plaintiff's final proposition is that the court erred in rejecting one journal entry of judgment presented and in signing another.

There is one judgment of the court contained in the record. Another journal entry was prepared and submitted, but was refused by the court. We have examined and compared the judgment rendered by the court with the journal entry prepared and submitted, and feel that the court knew what judgment was rendered in said cause and that when he signed the journal entry of judgment and the same became a part of the final record in said cause, it thereupon became the final judgment of the court in said matter.

The contentions of plaintiff in said matter are not well founded. After due consideration of said cause, we hold that the judgment of the trial court should be, and the same is hereby, affirmed.

SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. RILEY, C. J., and BAYLESS, J., absent. BUSBY, J., not participating.