Helen P. TIPTON and Homer Tipton,
Plaintiffs in Error,

v.

STANDARD INSTALLMENT FINANCE
COMPANY, (a corporation),
Defendant in Error.

No. 41164.

Supreme Court of Oklahoma.

Sept. 20, 1966.

Perry H. Winn, Oklahoma City, for plaintiffs in error.

James C. Hanna, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This is an appeal on original record in an action by defendant in error, hereinafter referred to as plaintiff, against plaintiffs in error, hereinafter referred to as defendants, to enforce certain provisions of a chattel mortgage on defendants' 1955 Model Oldsmobile automobile, securing repayment of an indebtedness in the principal sum of $533.20, evidenced by a promissory note defendants executed and delivered to plaintiff on November 27, 1962.

In the petition plaintiff filed in this case, on January 19, 1964, it alleged, among other things, the execution and delivery of the note and mortgage; and, both by other allegations and by copies of the note and mortgage, it represented that the note was payable in 23 installments of $23.21 each, on the 19th day of each month after its execution, and a last monthly payment of $22.37. Plaintiff's petition further alleged that defendants failed to pay all of the installment due September 19, 1963, and succeeding monthly installments then past due; that, by virtue of the mortgage, it held "a lien upon, a special ownership in, and the right to the immediate possession of * * *" the automobile, and that defendants unlawfully withheld possession of said property of the value of $300.00 from plaintiff. The remainder of the petition was as follows:

"4. That on the 16th day of December, 1963, plaintiff demanded of said defendants possession of said property so held and detained by defendants and so described in said mortgage; but, said defendants refused to deliver the same or any part thereof to plaintiff and have so refused, and so hold the same ever since the 16th day of December, 1963.

"WHEREFORE, premises considered, plaintiff prays for an order of the court requiring said defendants to deliver to plaintiff said personal property so unlawfully detained, or the value of the same in lieu thereof in case a delivery cannot be had and that plaintiff's attorney have and recover from defendants

a reasonable attorney's fee and that it be taxed as part of the costs of this action for enforcing plaintiff's lien herein and that plaintiff have and recover from defendants all other costs of this action and that plaintiff be granted such other further relief to which it might be entitled."

Thereafter, defendants, on May 1, 1964, filed an answer whose material allegations are accurately reflected in the court order hereinafter quoted.

Thereafter, plaintiff, on May 4, 1964, filed a motion to "require the defendants" to strike the said answer, and for the court to render judgment in its favor, on the ground that said pleading stated no defense to the action.

Thereafter, the court made findings and entered the judgment reflected in the journal entry thereof, as follows:

"On the 15th day of May, 1964, this matter came on for hearing upon plaintiff's motion to require defendants to strike their entire joint answer filed herein and for judgment on the pleadings. Plaintiff appeared by and through its attorney of record, James C. Hanna, and the *defendants appeared by and through their attorney of record,* Perry H. Winn. The court, having heard argument, having examined the pleadings herein and the copy of the note and mortgage on which this action was brought, and having been, otherwise, fully advised in the premises, finds, from the allegations and admissions of both parties and other matters in the pleadings herein, the following:

"1. That plaintiff's action herein is a replevin action brought to enforce its lien created by the mortgage herein on the automobile thereon described and that said mortgage shows thereon that it was executed by the defendants herein.

"2. That defendants' entire answer herein consists of only allegations that defendants filed their petitions in bankruptcy, that notice of same was given to their creditors, that plaintiff appeared at the first meeting of creditors therein, participated in the proceedings, filed no claims, asked for no relief, filed no objections to the discharge of defendants as bankrupts, that defendants subsequently received their discharge in bankruptcy, *that the cause of action which is the basis of plaintiff's petition was due and owing to plaintiff* at the date of filing of said petition to be declared a bankrupt, on the date of adjudication in bankruptcy, was included in the schedule of debts owing by defendants in their bankruptcy petition, that it was a debt provable against the estate of defendants in bankruptcy, and was not a debt created by their fraud, embezzlement, misappropriation, or defalcation while acting as a public officer, or as an executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity, and that *said answer does not contain any denial of plaintiff's allegations herein.*

"3. That by virtue of no denial of plaintiff's allegations herein and no affirmative defenses disputing the default by plaintiff herein, all of the allegations of plaintiff's petition are to be taken as true; that by virtue of plaintiff's motion herein, all of defendants' defenses herein are to be taken as true; but that *none of defendants' defenses herein are sufficient to bar a recovery herein by the plaintiff* for the property sought herein, or the value of the same in lieu thereof in case a delivery cannot be had, and the costs of this action and that plaintiff's motion moving the court to require defendants to strike their entire joint answer and for judgment on the pleadings herein should be granted, to all of which defendants except and exceptions are allowed.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that that part of plaintiff's said motion moving the court to require the defendants to strike their entire joint answer herein shall be, and is hereby, granted and that that part of plaintiff's said motion moving the court to render judgment on the plead-

ings herein shall be, and is hereby granted; and that judgment for the plaintiff be rendered and entered herein as prayed for in plaintiff's petition herein." (Emphasis added.)

The same day, the court signed, and there was filed in the case, the following additional journal entry:

"In this action the plaintiff having made a motion for judgment in its favor on the pleadings, and said motion having been granted by an order of this court duly given and made on the 15th day of May, 1964; and the court finding that plaintiff's attorney is entitled to an attorney's fee herein to be fixed by the court as part of the costs of the action herein;

"NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED by the court that plaintiff have and recover of the defendants, Helen P. Tipton and Homer Tipton, the personal property sought herein and that plaintiff's attorney have recourse to all remedies available to it at law and equity to enforce delivery of said property to it by said defendants; and in case a delivery of said property cannot be had, the value of said personal property in the sum of $300.00, for all of which let execution issue; and in either event, that plaintiff's attorney, for enforcing plaintiff's lien herein, have and recover from defendants, and each of them, an attorney's fee of $150.00, *to be taxed as part of the costs of this action; that plaintiff have and recover of said defendants, and each of them, all other costs of this action;* that for all of said costs, *including said attorney's fee,* let execution issue." (Emphasis added.)

Thereafter, on the same day, execution on the above quoted replevin judgment was issued to the Sheriff commanding him to take possession of the Oldsmobile automobile involved, and deliver it to plaintiff. The Sheriff's return thereon shows that this was accomplished on May 19, 1964. After the overruling of defendants' subsequent motion for a new trial, they lodged the present appeal.

Defendants advance their argument for reversal under seven propositions.

■ Under "PROPOSITION IV", their contention is that plaintiff should have been required to plead and prove that it had paid the intangible property tax prescribed by Tit. 68 O.S.1961, sec. 1515, on the note and/or mortgage involved, before judgment was rendered by the trial court. There is no merit to this contention. See Fenton v. Young Chevrolet Co., 191 Okl. 161, 127 P.2d 813.

■ Under "PROPOSITION V", defendants contend that the trial court erred in "rendering judgment fixing its * * * (the Oldsmobile's) value in case delivery could not be had * * *", without evidence as to its value being introduced at the trial. They cite Rucker v. Campbell, 172 Okl. 429, 45 P.2d 455, as holding that in a replevin action, the plaintiff is not entitled to judgment for the value of the property in the event it cannot be delivered to him, without such evidence. We agree with plaintiff that this matter has become moot, since the property involved herein has been delivered to plaintiff (as an examination of the foregoing statement of the facts shows), and the alternate part of the judgment referred to—and which was conditioned upon that event's not occurring—has never been activated, or, in any way, invoked. See 46 Am.Jur., "Replevin", sec. 132, Notes 2 and 3 and the Anno.: 170 A.L.R. 122. Any error which this feature of the judgment might otherwise have constituted, has been rendered harmless, or cured, by the successful delivery of the auto to plaintiff under the hereinbefore described execution.

■ Under their propositions "I" and "VI", defendants characterize the trial court's judgment as a holding that their discharge in bankruptcy was no defense to plaintiff's action; and say that this was error. Their entire argument is based upon the premise that the trial court's judgment

was in the nature of a deficiency judgment, or judgment in personam. With the latter, we cannot agree. From an examination of the hereinbefore quoted judgment, it is obvious that it was entered in a replevin action, rather than in an action for the recovery of money. There is therefore nothing in the authorities cited by defendants showing that the facts concerning defendants' bankruptcy (alleged in their answer and/or undisputed) were a defense in this kind of an action. In this connection see (Am.Jur.2d, "Bankruptcy", sec. 958, 8B C.J.S. Bankruptcy § 582(2), and the cases cited under Note 24. Notice also the annotation at 161 A.L.R. 972.

 Under their "PROPOSITION VII", defendants take the position that the court erred in ordering them to strike their answer and then rendering judgment on the pleadings "instanter", without giving them an opportunity to amend, or plead further. They first argue that when defendants' answer was stricken, only one pleading, viz., plaintiff's petition—remained in the case, so, as a consequence, there were then no pleadings upon which to render judgment on the pleadings. Defendants further say, however, that, according to Shipman v. Porter, 48 Okl. 265, 149 P. 901, a motion for judgment on the pleadings may be sustained where the petition "is sufficient to warrant the relief sought and the ANSWER presents nothing by way of denial or new matters to bar or defeat the action." Plaintiff says a situation similar to the one in the Shipman Case existed in this case, because, as accurately reflected in the hereinbefore quoted judgment, defendants' answer admitted that the claim constituting the basis of plaintiff's action "was due and owing" when defendants' petition to be declared a bankrupt, was filed; and, as was shown under defendants' "PROPOSITION I", said bankruptcy proceeding constituted no obstacle to enforcement of plaintiff's mortgage on the Oldsmobile. We agree. Furthermore, we do not interpret the filing

of plaintiff's motion as an admission that defendants' obligation to surrender possession of the Oldsmobile had been "discharged in bankruptcy", as defendants infer under their "PROPOSITION VII."

 We find more semantics, than substance, in the argument advanced by defendants. In our opinion, when they filed their answer in which they admitted they owed the debt, whose payment their chattel mortgage was given to secure, they made a "solemn admission" of fact that was thereby removed "from the realm of controversy" in the case; and this was analogous to the admissions contained in the defendant's opening statement in Barnett v. Tabor, 154 Okl. 20, 6 P.2d 787, cited by their counsel. Notice also, Delco Light Frigidaire Co. v. Babb, 168 Okl. 207, 32 P.2d 894. After such an admission, it was immaterial that plaintiff's petition was unverified (which fact defendants mention under their propositions "VI" and "VIII") and that defendants were thereafter ordered to strike said answer. As the answer contained no general denial (as did defendants' answer in the Barnett case) and pleaded only facts constituting an ineffectual avoidance, the order to strike was no obstacle to the court's proper sustaining of plaintiff's motion for judgment on the pleadings. As said concerning the plaintiff's reply in Chambers v. Kirk, 41 Okl. 696, 701, 139 P. 986, 988, no fact plead in defendants' answer " * * * is material, or would affect the result * * " if the case had been tried.

 Defendants cite the Barnett Case, supra, apparently as authority for their statement that a party opposing a motion for judgment on the pleadings should be afforded the opportunity of amending his pleadings, after the motion is sustained. This is true, as a general and abstract statement, but defendants' argument ignores the fact that the privilege of amending may be lost, or waived, by failure to request it. They say the sustaining of a motion to strike is tantamount

to sustaining a demurrer, and invoke the provisions of Tit. 12 O.S.1961, sec. 318 pertaining to the allowance of pleading amendment after such a ruling. As will be noted from a reading of said statute, the allowance of such amendments is therein placed within the discretion of the court, and is not thereby made a matter of right. In Southwestern Broom & Warehouse Co. v. City Nat. Bank, 52 Okl. 422, 153 P. 204, 205, 206, this court said:

"Under this jurisdiction, amendments are favored, and ordinarily should be allowed *when a timely request is made for such permission*; but *a party should be diligent in making such requests,* and, as soon as the trial develops the fact that an amendment is necessary or desired, *the request therefor should be made at the first opportune moment* and under all ordinary circumstances should be allowed, but *trial courts should not permit a party to delay its request for an amendment long after the necessity for the same becomes apparent and speculate upon results of the trial, and after being defeated therein along a certain line to come in at the last moment with a delayed request for an amendment.* In many instances, such a procedure would be unfair to the other side, because, having tried the case and presented its evidence along a certain line and relying upon certain admissions in the pleadings of the other party, witnesses on that point might have been permitted to depart from court, and thus the party trapped at the last moment by being called upon to meet a phase in the case which it had a right to presume was closed." (Emphasis added.)

As to this, and related matters, see also First Nat. Bank v. Bridges, 39 Okl. 355, 135 P. 378; Turner v. Pitts, 162 Okl. 246, 19 P.2d 563, 565, and cases therein cited; Osage Oil & Refining Co. v. Dickason-Goodman Lumber Co., 108 Okl. 14, 231 P. 477, 41 A.L.R. 475; Dawson v. Kroning, 68 Okl. 264, 173 P. 521; Jantzen v. Emanuel German Baptist Church, 27 Okl. 473, 112 P. 1127; and Boynton v. Fox Denver Theatres, 121 Colo. 227, 214 P.2d 793, 24 A.L.R.2d 235, 240. As far as the record in this case shows, the defendants, though present by their counsel at the trial court's hearing on plaintiff's combination motion to require them to strike their answer and for judgment, made no request that they be allowed to amend their answer, or to file a substitute therefor, nor apparently had they made any effort, since the filing of plaintiff's said motion (on May 4, 1964) to amend their pleadings, as was made in the Barnett case. Without such a request, application, motion, or some indication that defendants desired the opportunity to plead further in the case, the trial judge might reasonably have concluded that they elected not to do so. It was not the court's duty, on its own initiative, to suggest to defendants an amendment, or substitution, or to afford them an opportunity to make one, under the circumstances. Even in jurisdictions where a right to amend is given by statute, a party may waive that right. See Knapp v. Post Printing & Publishing Co., 111 Colo. 492, 144 P.2d 981, McDonald & Co. v. Hallicy, 1 Colo.App. 303, 29 P. 24, 25, and 71 C. J.S. Pleading § 269. We are therefore of the opinion that the court did not abuse its discretion, nor commit error, in proceeding to rule upon plaintiff's motion for judgment on the pleadings, after ordering the striking of defendants' answer, and without any further pleading on their behalf.

◼ Under the proposition "II", defendants contend that the trial court erred in allowing plaintiff a larger attorney fee than was prescribed in their chattel mortgage. Plaintiff, on the other hand, contends that such allowance was authorized under Tit. 42 O.S.1961, sec. 176, which provides for the successful party "In an action brought to enforce any lien * * * to recover *a reasonable attorney's fee,* to be fixed by the court, which shall be taxed as costs in the action." (Emphasis added.) To this, defendants' rejoinder (asserted

first under their "PROPOSITION III" and alluded to again under their "PROPO-SITION VI") is that a judgment allowing an attorney fee under said statute, must be supported by evidence of "reasonableness"—which was wholly absent in the present case. Plaintiff's brief provides no satisfactory rebuttal to the latter; and we know of none. See Oklahoma Pipe Line Co. v. Hoefer, 100 Okl. 233, 229 P. 440.

If plaintiff's argument does not concede that a so-called "recovery" of an attorney's fee *under Sec. 176, supra* (as it says occurred here) is not a judgment in personam, then we think it must. See Tyer v. Cole, 118 Okl. 279, 248 P. 601, syll. 4. The chattel mortgage involved in this case, as depicted in the copy thereof attached to plaintiff's petition, contains a provision which reads, in part, as follows:

"* * *

"* * * upon obtaining possession of said property, Mortgagee or his assigns may sell the same at public or private sale, with or without notice * *, and the proceeds of said sale shall be applied on the *amount of the mortgage debt then remaining unpaid,* including interest, *with reasonable costs for the taking,* keeping, advertising and selling of said property *including attorney's fee of Fifty Dollars or twenty-five per cent of said sum,* which ever is the greater, if this mortgage is placed in the hands of an attorney for enforcement, which last mentioned sums are to be made a part of the costs of said sale. * * *" (Emphasis added.)

Notwithstanding what defendants' brief says concerning the uncertainty of the balance due on the mortgage indebtedness, we think that, under the facts pleaded in plaintiff's petition, considered in connection with the terms of the mortgage, including its escalation provision, all of which were undisputed, the trial court was warranted in calculating and considering it an undisputed fact that there were eleven monthly installments of $23.21, and one installment of $22.37, and a part of the installment scheduled for payment on September 19, 1963, that were due and unpaid on said indebtedness at the time of the trial; and that the total was $300.00—the only total sum mentioned in the petition. If the trial court had allowed 25% of this sum, or $75.00, as plaintiff's attorney fee, no evidence of the reasonableness of such allowance, other than the parties' above quoted contract stipulation, would have been necessary. See Federal Land Bank of Wichita, Kan. v. Denson, 172 Okl. 225, 44 P.2d 891, syll. 6; Marble Sav. Bank v. First State Bank, 128 Okl. 165, 261 P. 913, syll. 2, and Hatcher v. Kinkaid, 48 Okl. 163, 150 P. 182, syll. 3, and the cases cited at p. 185 of the latter. In this connection, notice also Richards v. Russell, 70 Wash. 554, 127 P. 198, 203, 129 P. 90, citing Potwin v. Blasher, 9 Wash. 460, 37 P. 710; Merrell v. Ridgely et al., 62 Fla. 546, 57 So. 352; Carhart et al. v. Allen, 56 Fla. 763, 48 So. 47; Citizens Nat. Bank of Orange, Va. v. Waugh (U.S.C.A., 4th Cir.), 78 F.2d 325, 100 A.L.R. 939; and other authorities cited and discussed in Note 7 of 37 Am.Jur., "Mortgages", sec. 601. However, since, instead of $75.00, the court arbitrarily, and apparently without evidence of the reasonableness of any amount larger than that, allowed plaintiff recovery of $150.00 as its attorney's fee, it erred. On account of this error, said court should have sustained defendants' motion for a new trial. The judgment appealed from will not be reversed, however, on account of said error, if plaintiff files in the trial court a remittitur of $75.00 of his recovery for that item, within 10 days from the date the mandate of this court herein is spread of record in that court.

In accord with the foregoing, the judgment of the trial court is affirmed upon condition of the above specified remittitur. If said remittitur is not filed, the judgment of the trial court overruling defendants' motion for a new trial is reversed, and this

cause is remanded to said court with directions to grant a new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and HODGES, JJ., concur.

LAVENDER, J., dissents.